UNITED STATES of America, Appellee,

v.

James Lester VALIANT a/k/a Lester J. Valiant, Appellant.

No. 88–2468.

United States Court of Appeals, Eighth Circuit.

Submitted March 15, 1989.

Decided April 27, 1989.

Raymond C. Conrad, Kansas City, Mo., for appellant.

K. Preston Dean, Kansas City, Mo., for appellee.

Before FAGG and BEAM, Circuit Judges, and DUMBAULD,* Senior District Judge.

FAGG, Circuit Judge.

A jury found James Lester Valiant guilty of the following offenses: (1) possession of cocaine with the intent to distribute, 21 U.S.C. § 841(a)(1) (1982); 21 U.S.C. § 841(b)(1)(C) (Supp. IV 1986); (2) use of a firearm in carrying out a drug-trafficking crime, 18 U.S.C. § 924(c) (Supp. V 1987); and (3) possession of a firearm by a felon, 18 U.S.C. §§ 922(g)(1), 924(e) (Supp. V 1987). Valiant appeals and we affirm.

Valiant was driving a Cadillac recklessly down the interstate when Dale Schmidt, a trooper with the Missouri State Highway Patrol, observed him. Schmidt and another trooper engaged in a high-speed chase of Valiant that lasted several miles. As the chase neared Kansas City, Missouri, local police officers assisted the troopers. The chase ended in Kansas City when Valiant ran into a fence and wrecked the car. During the chase, Schmidt knew the license plates on the Cadillac were stolen. On arriving at the scene of the wreck, Schmidt learned the Cadillac was actually stolen.

The police approached the wrecked car and saw Valiant handling a briefcase on the passenger side. Despite police commands to exit the car, Valiant remained inside the vehicle. The officers struggled with Valiant and eventually pulled him from the car. They handcuffed and arrested him.

Troopers then searched the car. They found a locked briefcase and forced it open. Inside the briefcase, troopers found a pistol, ammunition, cocaine, and personal items. After the grand jury indicted Valiant, he moved to suppress the evidence obtained through the search. The district court denied the motion. The Government introduced this evidence at trial, and a jury convicted Valiant. We turn to consider Valiant's arguments on appeal.

Valiant first contends the district court committed reversible error in denying Valiant's motion to suppress the evidence obtained from his briefcase. Specifically, Valiant argues the warrantless search of his briefcase violated his rights under the fourth amendment. *See* U.S. Const. amend. IV. We disagree.

When the police place the occupant of an automobile under lawful custodial arrest, the police may contemporaneously search the passenger compartment of the vehicle as an incident of the arrest. *New York v. Belton*, 453 U.S. 454, 460, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768 (1981). The fourth amendment does not require a warrant under these circumstances. Further, the authorized search extends to open and closed containers found in the passenger compartment. *Id.* at 460–61 & n. 4, 101 S.Ct. at 2864 & n. 4.

Here, law enforcement officials placed Valiant under lawful custodial arrest and then immediately searched the passenger compartment of the stolen Cadillac. The search occurred incident to that arrest. Because the locked briefcase was a closed container within that vehicle, it lawfully could be searched. *See United States v. McCrady*, 774 F.2d 868, 871–72 (8th Cir. 1985) (*Belton* permitted search of locked glove compartment as part of search of vehicle incident to occupant's arrest). The district court properly denied the motion to suppress under *Belton.*

Valiant next argues the district court committed error by denying Valiant's mo-

---

* The Honorable EDWARD DUMBAULD, Senior United States District Judge for the Western District of Pennsylvania, sitting by designation.

tion to dismiss count three of the indictment: felon in possession of a firearm. On review we find no error.

 The indictment indicated Valiant was a convicted felon and possessed a firearm that "had been transported in commerce and affected commerce." The indictment also stated that Valiant's conduct violated 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e). Under section 922(g)(1), a felon may not *"possess in or affecting commerce * * * any firearm or ammunition."* 18 U.S.C. § 922(g)(1) (emphasis added). Valiant focuses on the present tense of the words "possess" and "affecting" in section 922(g)(1). Because the indictment referred to a firearm that had been "transported" in commerce and had "affected" commerce, Valiant argues the indictment failed to state a charge under section 922(g)(1).

An indictment must fairly inform the accused of the offenses charged and the elements of those offenses. *See Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974); *United States v. Vesaas,* 586 F.2d 101, 103 n. 4 (8th Cir.1978). Although the indictment must state an offense that is recognized by the law, the indictment need not incorporate the precise language of the statute violated. *United States v. Mallen,* 843 F.2d 1096, 1102 (8th Cir.), *cert. denied,* — U.S. —, 109 S.Ct. 130, 102 L.Ed.2d 103 (1988). We will not find an indictment deficient when the claimed flaw is one of form rather than substance. *Id.*

Here, the indictment clearly informed Valiant of the crime charged and stated an offense recognized by the law. The indictment referred to the specific statute the Government claimed Valiant violated and also to the interstate commerce element of the crime. Contrary to Valiant's argument, we find the indictment was sufficient to state a charge under section 922(g)(1). *See United States v. Gillies,* 851 F.2d 492, 496 (1st Cir.), *cert. denied,* — U.S. —, 109 S.Ct. 147, 102 L.Ed.2d 119 (1988).

Finally, Valiant challenges the United States Sentencing Guidelines. Based on separation of powers and due process grounds, he claims the guidelines are unconstitutional. Regarding the separation of powers argument, the Supreme Court recently held the guidelines constitutional. *See Mistretta v. United States,* — U.S. —, 109 S.Ct. 647, 675, 102 L.Ed.2d 714 (1989). In addition, we reject Valiant's argument the sentencing guidelines are mechanistic and thus violate due process. *See United States v. Brittman,* 872 F.2d 827, 828 (8th Cir.1989). Both of Valiant's contentions concerning the guidelines must fail.

Affirmed.