UNITED STATES of America, Appellee,

v.

Sydney A. WILLIAMS, Appellant.

No. 90–2861.

United States Court of Appeals,
Eighth Circuit.

Submitted June 12, 1991.

Decided Aug. 12, 1991.

Susan Hunt, Kansas City, Mo., for appellant.

Christina Y. Tabor, Kansas City, Mo., for appellee.

Before JOHN R. GIBSON and LOKEN, Circuit Judges, and ROSS, Senior Circuit Judge.

ROSS, Senior Circuit Judge.

On the afternoon of April 19, 1990, Kansas City Police Officer Jeffrey Hurley was patrolling in a marked police car and saw Sydney Williams (appellant) standing in a parking lot. Eventually, appellant noticed Officer Hurley and began running. Officer Hurley, in his police car, followed appellant down an alley. At the end of the alley, Officer Hurley drove over a section of a concrete abutment and onto a street. Officer Hurley saw appellant remove a dark-colored handgun from his right pocket and throw the gun onto the ground. The officer stopped his car, grabbed the gun and continued chasing appellant. When Officer Hurley apprehended appellant, he arrested appellant for carrying a concealed weapon. The weapon was loaded.

On April 20, 1990, the Jackson County Prosecutor charged appellant with unlawful use of a weapon. On May 11, 1990, a criminal complaint charging appellant with possessing a firearm after having been convicted of three violent felonies was filed in the United States District Court for the Western District of Missouri and the Jack-

son County weapon charge was then dismissed.

On May 23, 1990, the grand jury returned a one-count indictment charging appellant with a violation of 18 U.S.C. § 922(g)(1), for being a convicted felon in possession of a firearm. A jury trial followed and appellant was found guilty on the one-count indictment and was sentenced to a term of 180 months imprisonment followed by three years of supervised release. Appellant now appeals. We affirm the conviction and the sentence.

■ Appellant first argues that there was insufficient evidence to support his conviction. To support a conviction under 18 U.S.C. § 922(g), the government must show beyond a reasonable doubt that (1) the defendant had been convicted of a felony, i.e., a crime punishable by one or more years in prison; (2) the defendant thereafter possessed a firearm; and (3) the firearm traveled in or affected interstate commerce. *United States v. Valiant*, 873 F.2d 205, 207 (8th Cir.), *cert. denied,* — U.S. ——, 110 S.Ct. 117, 107 L.Ed.2d 78 (1989). Here, appellant stipulated to the first requirement[1] and the third requirement.[2] Therefore, the only issue at trial was whether appellant knowingly possessed the firearm.

■ Officer Hurley testified at trial that, during broad daylight, he saw appellant reach in his pocket, pull out the handgun and throw the gun down on the pavement. Appellant points out that Officer Hurley was the only witness and that Officer Hurley failed to fingerprint the gun. Therefore, appellant argues that there was insufficient evidence to support the conviction. We reject this conclusion. Officer Hurley testified that he did not fingerprint the gun because he had satisfied himself that appellant had possessed the gun because Hurley

actually saw appellant throw the gun down. Viewing the evidence in the light most favorable to the verdict, we find that there was sufficient evidence to support the conviction. See *United States v. Rankin*, 902 F.2d 1344, 1345–46 (8th Cir.1990); *United States v. Bruce*, 704 F.2d 1048, 1049 (8th Cir.1983).

■ Appellant also contends that the fifteen year minimum sentence he received pursuant to 18 U.S.C. § 924(e)(1) violates the eighth amendment. Appellant argues that he is being subjected to a punishment which is disproportionate to the severity of the crime for which he was convicted. Section § 924(e)(1) imposes a mandatory sentence of fifteen years for § 922(g)(1) violators who have been convicted of three prior violent felonies. Thus, appellant is not being punished solely for this one conviction, but rather he is being punished for being a recidivist who has committed several violent crimes. We therefore reject appellant's argument that his mandatory fifteen year sentence violates the eighth amendment. See *United States v. Rush*, 840 F.2d 580, 582 (8th Cir.), *cert. denied,* 487 U.S. 1238, 108 S.Ct. 2908, 101 L.Ed.2d 940 (1988); *United States v. Dombrowski*, 877 F.2d 520, 526 (7th Cir.1989), *cert. denied,* — U.S. ——, 110 S.Ct. 2592, 110 L.Ed.2d 272 (1990).

We also note that appellant's reliance on *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), is misplaced. The facts in *Helm* make it easily distinguishable from the instant case. Unlike *Helm*, where the defendant's earlier crimes were relatively minor, the appellant in the present case committed three violent felonies. Also, we find the appellant's present crime of possessing a gun to be more serious than defendant Helm's crime of forging a $100 check. Furthermore, Helm was

---

**1.** In fact, appellant had three prior convictions for which he was sentenced to serve one or more years in prison:
  (1) On June 20, 1974, appellant was sentenced to three years imprisonment for second-degree burglary;
  (2) On December 30, 1974, appellant was sentenced to fifteen years imprisonment for armed bank robbery; and

  (3) On December 30, 1970, appellant was convicted of first-degree robbery and sentenced to seven years imprisonment.

**2.** The firearm was a .357 caliber Smith and Wesson revolver which was manufactured in Springfield, Massachusetts, and consequently traveled across state lines prior to its arrival in Kansas City, Missouri.

facing a life sentence without parole, whereas appellant is facing a fifteen year sentence.

■ Lastly, appellant argues that his procedural due process rights were violated because the federal complaint was filed at a time when a state charge was already pending. Under the state statute, appellant asserts that he would have been subject to a maximum sentence of five years, whereas the federal charge carries a fifteen year minimum. This is a frivolous argument. Accordingly, appellant's conviction and sentence are affirmed.