UNITED STATES of America,
Plaintiff–Appellee,

v.

Willie Christopher JOHNSON,
Defendant–Appellant.

No. 93–3418.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 12, 1994.

Decided March 18, 1994.

Counsel who presented argument on behalf of appellant was Donald L. Wolff, Clayton, MO.

Counsel who presented argument on behalf of appellee was Larry H. Ferrell, Asst. U.S. Atty., Cape Girardeau, MO.

Before LOKEN, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and KYLE,* District Judge.

* The HONORABLE RICHARD H. KYLE, United States District Judge for the District of Minnesota, sitting by designation.

1. Johnson waived his right to a jury trial and was tried before the district court. Following his conviction, Johnson was sentenced to term of imprisonment of 200 months.

KYLE, District Judge.

Appellant Willie Christopher Johnson appeals his conviction[1] by the district court[2] for conspiracy to distribute cocaine, possessing with intent to distribute cocaine, use of a firearm during a drug trafficking crime and being a convicted felon in possession of a handgun in violation of 21 U.S.C. §§ 846, 841(a)(1); 18 U.S.C.A. §§ 924(c)(1) and 922(g)(1); he argues that the evidence was insufficient to prove either his knowledge or his possession of the narcotics and firearms. We affirm.

## I. BACKGROUND

Because the facts surrounding Johnson's arrest are critical to his appeal, we have thoroughly reviewed the entire trial transcript and provide the following detailed discussion of the factual and procedural background.

At 8:19 p.m. on June 10, 1992, Officer Eric Schafer of the Scott City, Missouri Police Department stopped a Ford Tempo automobile on north-bound Interstate 55 for speeding. Officer Schafer recognized the driver of the vehicle as Willie Craig, an individual who Officer Schafer had stopped for speeding approximately one month earlier.[3] After it was determined that Craig was driving with a suspended license, he was arrested. Johnson was seated in the front passenger seat of the automobile; a check of his legal identity showed no outstanding warrants.

After obtaining Craig's consent to search the vehicle, Schafer, assisted by Scott City Police Officer Bobby Wooten, removed Johnson from the automobile, patted him down, and moved him away from the automobile. Schafer and Wooten proceeded to search the vehicle.

2. The Honorable Stephen N. Limbaugh, United States District Court for the Eastern District of Missouri.

3. Although Craig was driving the Tempo, a check of the vehicle indicated that it had been rented from Budget–Rent–A–Car in Rockford, Illinois on June 8, 1992; the parties stipulated that the car was rented at Craig's request by one Christopher Box.

Wooten discovered $167.00 in one dollar bills in the glove compartment. Upon opening the right rear door of the vehicle, Wooten discovered a green or blue-green gym bag (the "blue bag") on the right side of the rear seat, laying parallel to the back seat; the bag had *no tags or other marks identifying the owner*. The blue bag was open and protruding from it were the wooden grips of a .38 caliber revolver, the butt of which was facing toward the front seat of the vehicle, approximately one and one-half feet from the passenger seat. The barrel of the revolver was in the bag, obscured by a pair of blue jeans. Wooten examined the firearm and determined that it was loaded.

After informing Schafer that he had discovered a weapon, Wooten set the firearm down and continued to search the blue bag. In the blue bag Wooten found a brown paper-wrapped package, which the parties stipulated contained one kilogram of cocaine. Continuing his search, Wooten discovered a second .38 caliber revolver (also loaded), and two other similarly wrapped packages, both *of which contained cocaine*. After removing the two firearms and the three packages from the blue bag, the officers placed Johnson under arrest and directed that the automobile be impounded and towed to the Scott City Police Department.

Scott City Police Officer Scott Blakely conducted a post-seizure inventory search of the vehicle. Blakely discovered a black gym bag (the "black bag") on the left floor boards of the vehicle, directly behind the driver's seat. The black bag had the name "Willie Tidwell"[4] on it. The black bag contained papers, an address book, clothing and toiletries, as well as two sets of car keys.

The officers also found some papers in the vehicle, including two receipts from a Best Western Motel in Marshall, Texas, dated June 10, 1992, for room and telephone charges. The receipts indicated that two persons had checked into the motel at 5:27 a.m. on June 10th, paying for the room when they checked-in, and that the parties were at the motel until at least 11:10 a.m. on that same date, when the final telephone charge was incurred. The receipt for room charges contained the name Willie Craig; Johnson's name was not on either receipt. The distance from Marshall, Texas to Scott City, Missouri is approximately 500 miles.

A number of items of clothing were found in each bag. The *black bag* contained, amongst other things, (a) one pair of undershorts, size Double X, 46–48; (b) a belt, size 46; (c) a shirt, size Triple X; and (d) a pair of "Boxer Short" brand boxer shorts, size M 34–36. The *blue bag* contained (a) a pair of boxer shorts, size XL 42–44; (b) a pair of blue jeans, size 33 (waist), 36 (length); (c) a pair of blue jeans, size medium (waist), 36 (length); and (d) a pair of "Nike" brand tennis shoes, size 11.

After being in the custody of state officials, Johnson was taken into federal custody in mid-September, 1992. At that time, federal officials took custody of the clothing he was wearing, including Johnson's underwear, a pair of "Boxer Short" boxer shorts, size M 34–36. Those boxer shorts were identical in brand, style, and size to the boxer shorts discovered in the black bag. Officials also took possession of Johnson's shoes, "Nike" brand tennis shoes, size 10. The parties stipulated that the shoes Craig was wearing on June 10, 1992 were size 12.

Johnson is five feet, nine inches tall, and the parties stipulated that he weighed approximately 180 pounds. Craig is five feet, nine inches tall, and the parties stipulated that he weighed approximately 300 pounds.

None of the officers involved in the events preceding Johnson's arrest observed Johnson reaching into the blue bag, the back seat or the glove compartment. In addition, with the exception of one of the two sets of keys in the black bag, nothing in either bag could be identified as belonging to Johnson.[5]

During the trial, Johnson tried on both pairs of blue jeans. After viewing Johnson in both pairs, the trial judge stated:

4. Willie Craig is also known as Willie Tidwell.

5. Officer Blakely testified that later in the evening of June 10, 1992, Johnson asked Blakely if he had found any keys. This testimony supports an inference that one of the two sets of keys found in the black bag belonged to Johnson.

I think we should at least indicate my conclusions· as the trier of fact from the demonstration that· has just been carried out.

The first set of blue jeans that were tried on by the defendant Johnson appear to me to be approximately two to three inches too small in the waist and perhaps four to five inches too long.

The second pair of blue jeans appear to me to be approximately two inches too small in the waist and one to two inches too long.

This is simply my impression.

Tr., at 111.

Immediately prior the close of the government's case-in-chief, the parties offered, and the district court received, a series of stipulations, Nos. 1–21, and 23–24. Johnson objected to Stipulation Nos. 22 25, 25–A and 26, on the grounds of relevance; those four stipulations were received "conditionally," subject to a later determination of relevancy.[6] Tr., at 112–113.

After the government had rested, Johnson moved for judgment of acquittal, contending that the prosecution had failed to meet its burden of proof; he did not present any evidence. The district court took the matter, including Johnson's motion for judgment of acquittal, under advisement.

On July 12, 1992 the district court issued its Judgment, wherein it (1) determined that there was sufficient evidence in the case in which to submit the matter to a jury had the matter been tried before a jury, and (2) acting as a finder of fact, determined and adjudged Johnson guilty of all four offenses contained in the Indictment. Johnson was sentenced to the custody of the Bureau of Prisons for a term of 200 months: 140 months on Counts I and II, said terms to run concurrently; 60 months on Count III, said term to run consecutively to Counts I and II; and 120 months on Count IV, said term. to run concurrently with Counts I, II, and III. This appeal followed.

## II.  DISCUSSION

For reversal, Johnson raises a single point of error: the district court's finding that there was sufficient evidence to support a conviction on any of the four counts charged in the Indictment, i.e., the government failed to prove beyond a reasonable doubt a sufficient nexus between Johnson and the firearms and cocaine in the blue bag.[7]

■ Our standard of review for claims regarding the sufficiency of the evidence is well established. We must view the evidence

> in the light most favorable to the government, giving the government the benefit of all reasonable inferences which may logically be drawn therefrom. The evidence need not exclude every reasonable hypothesis of innocence, but simply "be sufficient to convince the [fact finder] beyond a reasonable doubt that the defendant is guilty." If the evidence rationally supports two conflicting hypotheses, a reviewing court will not disturb a conviction. Indeed, this court may overturn the verdict only if the evidence properly viewed is such that a "reasonable-minded [fact finder] *must*

---

**6.** The objected to stipulations, numbered 22, 25, 25–A and 26, concerned (1) whether Johnson was violating the conditions of his parole by traveling outside the State of Illinois without securing the permission of his parole officer, (b) the fact that between June 15, 1992 and June 23, 1992, Johnson received ten $100.00 money orders submitted in the name of Roshanda Wintersmith and made payable to Johnson, and that Craig also received ten $100.00 money orders during this period. The 20 money orders were numbered sequentially, with Craig being given numbers 099 to 108, except for 107 and with the addition of 109, and Johnson being given 109 to ·118, with the exception of 109 and with the addition of 107, and (c) Johnson and Craig were held on $50,000 bond; after they were trans-ferred to the Mississippi County Jail, an individual appeared in the office of the Circuit Clerk for Mississippi and presented $100,000 in money orders and cashier's checks to secure the release of Johnson and Craig.

**7.** Johnson contends that the district court should have granted his motion for judgment of acquittal and "in the alternative," that the district court should have found him not guilty. Given that Johnson's appeal is premised upon the sufficiency of the evidence, we can discern no difference between the two prongs of his appeal; as a result, the only question here is whether the evidence was sufficient to convict him of the offenses charged in the Indictment.

have entertained a reasonable doubt as to the government's proof of one of the essential elements of the offense."

*United States v. Holm,* 836 F.2d 1119, 1122 (8th Cir.1988) (citations omitted) (emphasis in original); *see United States v. Matra,* 841 F.2d 837, 840 (8th Cir.1988) (reviewing conviction after a trial by the court, without a jury).

The evidence introduced at trial directly established that Johnson was a passenger in a car in which police officers discovered three kilograms of cocaine and two firearms. Both the firearms and the cocaine were in a blue gym bag on the back seat of the vehicle, approximately 2 feet away from Johnson. The blue bag was open and one of the firearms was protruding from the bag, with the butt-end facing towards the front passenger seat. The evidence at trial also established that clothing consistent with Johnson's size was found in both the black bag and the blue bag containing the cocaine and firearms. When the vehicle was stopped, Johnson did not attempt to reach into the back seat or anywhere else in the vehicle, nor did he appear nervous or fidgety at any time during the stop and ensuing search of the vehicle.

The questions before us are whether, on these facts, when examined under the appropriate standard of review, a reasonable fact finder could have determined that Johnson knew of the presence of the cocaine and firearms and that he could be found to have been in possession of those items. Based upon a careful review of the record, we answer both questions in the affirmative.

## A. Conspiracy to Distribute Cocaine

■ To establish that Johnson violated 21 U.S.C. § 846 [8] by conspiring to distribute cocaine, the government was required to establish the existence of a conspiracy to distribute cocaine, Johnson's knowing and voluntary participation in it, and his knowledge of the purpose of the conspiracy at the time

he joined in it. Circumstantial or direct evidence can be introduced to prove the existence of a conspiracy. *United States v. Brett,* 872 F.2d 1365, 1369 (8th Cir.), *cert. denied,* 493 U.S. 932, 110 S.Ct. 322, 107 L.Ed.2d 312 (1989).

■ Johnson's sole assertion concerning the conspiracy conviction is that the government failed to prove that Johnson knew that the cocaine was in the blue bag; hence, it was not proved that he "knowingly" joined a conspiracy to distribute that cocaine. Having carefully examined the record under the proper standard of review, we disagree.

It was undisputed that Johnson was a passenger in the car when it was stopped by Officer Schafer. Evidence (1) that Johnson's keys were in the black bag bearing Craig's name, (2) of the distance between Scott City and Marshall, Texas, and (3) that two people, one of whom was Craig, stayed in the Best Western Motel in Marshall, Texas on the morning of June 10, 1992, was sufficient to permit the district to find that Johnson was in the car with Craig during the trip to and from Texas. The presence of clothing and personal hygiene items is further evidence that Craig and Johnson had been on a long trip.

The evidence concerning the clothing further established that certain items, namely the M 34–36 boxer shorts, blue jeans and tennis shoes, were consistent with (albeit not identical to) the size of jeans and tennis shoes Johnson wore. Under all of the facts of this case, it would be reasonable to infer that the boxer shorts, blue jeans, and tennis shoes were, in fact, Johnson's; given that Craig weighed approximately 300 pounds, the boxer shorts and jeans were not his.[9] That these items were found in the blue bag and black bag, along with evidence that Johnson had a set of keys in the black bag, gives rise to a reasonable inference that Johnson had access to the back seat and both

8. Section 846 provides "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

9. Johnson's contention that the clothing was also consistent with the sizes worn by other persons is, at most, a truism; the facts stipulated to and introduced through the testimony support a hypothesis that the clothes were his.

bags.[10] It is also reasonable to infer that Johnson entered the back seat during the trip to get in either or both of the bags. *See United States v. Pace*, 922 F.2d 451, 453 (8th Cir.1990). In addition, given the fact that the blue bag was within two feet of Johnson, Officer Wooten's testimony that the blue bag was open and the firearm was protruding from it could support a determination that Johnson saw the firearm during the trip. The totality of this evidence, no matter how innocuous on its own, was sufficient to support a determination that Johnson knew that the cocaine and firearms were in the blue bag. Finally, a fact finder could determine that it would be unreasonable for Craig to have had Johnson accompany him on a trip to Texas and, more importantly, place three kilograms of cocaine and two firearms in a bag containing Johnson's clothing unless Johnson knew about the cocaine. Keeping it from Johnson would have been too easy. In sum, the evidence was sufficient to permit a reasonable fact finder to determine that the government had proved that Johnson knew about the cocaine.[11]

### B. Possession with Intent to Distribute

To establish the offense of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1),[12] the government was required to establish that Johnson knowingly possessed cocaine with the intent to distribute it.[13] *United States v. Bennett*, 956 F.2d 1476, 1482 (8th Cir.1992). Johnson argues that the evidence was insufficient to prove the element of knowing possession.

Proof of actual possession or constructive possession is sufficient to satisfy the element of knowing possession under section 841(a)(1). *United States v. Townley*, 942 F.2d 1324, 1325 (8th Cir.1991). Constructive possession exists where a person has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons. *United States v. Johnson*, 857 F.2d 500, 501–02 n. 2 (8th Cir.1988); *see Matra*, 841 F.2d at 840, 841. In other words, *knowledge* of presence, plus *control* over the thing is constructive possession. *United States v. Swinney*, 970 F.2d 494, 497 (8th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 632, 121 L.Ed.2d 563 (1992); *United States v. Nunn*, 940 F.2d 1128, 1132–33 (8th Cir.1991). Constructive possession may be established through circumstantial or direct evidence. *United States v. Wainwright*, 921 F.2d 833, 836 (8th Cir.1990). Possession may also be joint, rather than exclusive, i.e., more than one person may possess a thing.

However, constructive possession is not established where the government fails to establish some nexus between a defendant and the contraband; mere physical proximity to the contraband is insufficient. *United States v. Gordon*, 700 F.2d 215, 217 (5th Cir.1983). We have specifically stated that mere presence as a passenger in a car from which the police recover contraband or weapons does not establish possession. *United States v. Flenoid*, 718 F.2d 867, 868 (8th Cir.1983) (per curiam).

---

**10.** In addition, the presence of the "Boxer Short" brand boxer shorts in the black bag further supports the inference that Johnson had been where Craig had been immediately prior to being arrested in Scott City: Marshall, Texas.

**11.** In reaching our conclusion, we have not specifically relied upon the three disputed stipulations, which the district court conditionally accepted, but did not address in its July 12, 1993 Judgment. We note, however, that evidence concerning certain third parties' mutual attempts to lend financial assistance to Craig and Johnson would only reinforce our view that were more than mere travelling companions. In contrast, evidence that (a) the terms of Johnson's parole prohibited him from leaving Illinois without per-

mission, and (b) Johnson did not secure permission to leave Illinois, seems to us to be of no effect in determining the nature of Johnson's involvement in a drug conspiracy.

**12.** Section 841(a)(1) makes it unlawful for any person to "knowingly or intentionally manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841(a)(1).

**13.** Intent to distribute may be inferred solely from the possession of a large quantity of drugs. *United States v. Brett*, 872 F.2d 1365, 1370 (8th Cir.1989). In this case, the quantity of drugs was sufficient to establish that Johnson intended to distribute the cocaine.

■ We have already stated that there was sufficient evidence to permit a reasonable fact finder to conclude that Johnson knew that the cocaine and firearms were present in the blue bag. We now hold that this evidence was also sufficient to prove that Johnson had constructive possession over the blue bag and its contents, including the firearms and cocaine. Given that Johnson's clothes were in the blue bag, it would be reasonable to infer that Johnson had control over the blue bag.[14] Moreover, the positioning of the protruding revolver alone would permit a reasonable fact finder to infer that Johnson knew about, and had control of, that firearm.

Unlike several decisions cited by Johnson, such as *United States v. Blue*, 957 F.2d 106 (4th Cir.1992), *Pace*, 922 F.2d at 453, *United States v. Moreno–Hinojosa*, 804 F.2d 845 (5th Cir.1986), and *United States v. Soto*, 779 F.2d 558 (9th Cir.), *amended*, 793 F.2d 217 (9th Cir.1986), *cert. denied*, 484 U.S. 833, 108 S.Ct. 110, 98 L.Ed.2d 70 (1987), this is not a case in which the government could not prove, even by inference, that the defendant was anything more than present in the vehicle or physically proximate to the contraband.[15] For example, in *Pace*, the proof at trial established only that the defendant was a passenger in a vehicle carrying cocaine; the cocaine was in closed containers (some were physically separate from the defendant and any of his possessions) and there was no evidence that the defendant ever examined any of the closed containers or that the circumstances should have alerted the defendant to the criminal nature of the trip. 922 F.2d at 453. *See also Moreno–Hinojosa*, 804 F.2d at 846 (defendant was passenger in

semi-trailer, but had no key to the locked trailer in which the marijuana was stored and no evidence established his contact with marijuana); *Soto*, 779 F.2d at 560–61 (given that defendant was in van for only 10 minutes and that it was dark when he entered the van, evidence that firearms were found on the floor of the van directly behind defendant's seat was insufficient to connect him with the firearms). In those cases, proof, circumstantial or otherwise, of a connection between the defendant and the contraband was lacking.

Here, the nexus between Johnson and the contraband—and what distinguishes this case from *Pace*, which also involved a defendant who was in the subject vehicle for a long period of time—is established by the evidence that clothing and shoes consistent with the size clothing and shoes worn by Johnson were found in the bag containing the cocaine under circumstances supporting an inference that Johnson had constructive possession of the contents of the blue bag. Therefore, examining the facts under the standard of review we must apply here, we cannot say that a reasonable fact finder *would have had to have* entertained a reasonable doubt as to the government's proof that Johnson knowingly possessed the cocaine. *See United States v. Holm*, 836 F.2d 1119, 1122 (8th Cir.1988). Accordingly, Johnson's conviction must stand.

### C. Using a Firearm During and in Relation to a Drug Trafficking Offense/Being a Felon in Possession of a Firearm

■ To establish a violation of 18 U.S.C. § 924(c)(1),[16] the government was required to

---

**14.** That the evidence would permit a conclusion that Johnson's control over the blue bag was not exclusive, i.e., he shared it with Craig, is immaterial. As we noted above, constructive possession can be joint.

**15.** This case is also distinguishable from another decision cited by Johnson, *United States v. Madkins*, 994 F.2d 540 (8th Cir.1993). In *Madkins*, there was no direct evidence that Madkins was ever in the automobile in question; accordingly, we found that the defendant's proximity to the car established, at most, that he was a passenger in the car, not that he ever had possession of a firearm found in the car. *Id.* at 541. In contrast, the evidence in this case directly estab-

lished Johnson's presence in the vehicle and supported an inference that Johnson knew of, and had the ability to control, the contents of the blue bag.

**16.** Section 924(c)(1) provides "[w]hoever, during and in relation to any ... drug trafficking crime ... uses or carries a firearm, shall, in addition to the punishment provide for such ... drug trafficking crime, be sentenced to a term of imprisonment for five years." 18 U.S.C. § 924(c)(1). Under the statute, the five-year penalty must run consecutively to any other term of imprisonment. *Id.*

establish that Johnson knowingly used a firearm during and in relation to the substantive drug trafficking offenses charged in the Indictment. *United States v. Mejia,* 8 F.3d 3, 5 (8th Cir.1993) (per curiam). Johnson argues only that there was insufficient evidence to establish an essential element of a section 924(c) violation: that he *knowingly* used and carried a firearm, i.e., that he knew the two revolvers were in the blue bag.

■ Similarly, to establish a violation of 18 U.S.C. § 922(g)(1)[17], the government was required to establish that Johnson knowingly possessed the two firearms in the blue bag.[18] *United States v. Williams,* 941 F.2d 682, 683 (8th Cir.1991) (quoting *United States v. Valiant,* 873 F.2d 205, 207 (8th Cir.), *cert. denied,* 493 U.S. 837, 110 S.Ct. 117, 107 L.Ed.2d 78 (1989). Johnson contends that the government failed to prove that he knowingly possessed either firearm.

Having determined that Johnson knew that the firearms and cocaine were present in the blue bag, *see supra* Part II.A, and that Johnson had constructive possession of the firearms, *see supra* Part I.B, Johnson's arguments concerning his convictions on Counts III and IV of the Indictment do not support overturning those convictions.

### D. Summary

In summary, the evidence, when examined under the appropriate standard of review, was sufficient to permit a reasonable fact finder to find Johnson guilty of each offense beyond a reasonable doubt. Johnson's conviction is affirmed.

---

**17.** Section 922(g)(1) provides "[i]t shall be unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year ... to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition...." 18 U.S.C. § 922(g)(1).

**18.** A violation of 18 U.S.C. § 922(g)(1) also requires proof that (1) the defendant had been convicted of a felony, and (2) the firearm traveled in or affected interstate commerce. *Williams,* 941 F.2d at 683. Johnson stipulated that he is a convicted felon and apparently concedes that the firearms traveled in or affected interstate commerce.