26 F.3d 127
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Robert E. REED, Appellant,
v.
UNITED STATES OF AMERICA, Appellee.
 No. 93-3904.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 23, 1994.
Filed: May 26, 1994.
 
 Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Reed was convicted of several drug offenses. He was also convicted of possessing a firearm during a drug offense. We affirmed his convictions on direct appeal. United States v. Martin, 982 F.2d 1236, 1237-38 (8th Cir. 1993). He later filed a motion under 28 U.S.C. Sec. 2255 arguing that there was insufficient evidence to sustain two of his convictions-his conviction for conspiring to distribute crack cocaine or to possess it with intent to distribute, and his weapon conviction. The district court[1] summarily dismissed Reed's section 2255 motion after concluding that sufficient evidence justified his convictions. Reed appeals from the district court's dismissal order. We affirm.
 
 
 2
 We agree with the government that Reed's claims are not properly raised in this proceeding. He could have raised them on direct appeal, he has failed to show cause or prejudice to excuse his default, and-upon reviewing the record-we do not think his claims rise to the level of fundamental defects that would cause a miscarriage of justice. See Ford v. United States, 983 F.2d 897, 898 (8th Cir. 1993) (per curiam); United States v. Smith, 843 F.2d 1148, 1149 (8th Cir. 1988) (per curiam).
 
 
 3
 Even if Reed's claims were not procedurally barred, we would conclude they have no merit. The evidence at trial established that, in the early morning hours of July 1991, Reed and codefendant Gary D. Martin drove up in Martin's car next to Claude Allen and a companion, who were seated in a car parked near a bar. Martin and Reed got out of Martin's car, and Martin asked Allen whether he wanted to buy some crack cocaine. Reed told Allen it was "good rock." Seconds after Allen paid Martin for the crack, a police car approached from an alley. Reed and Martin ducked behind Martin's car, and then rose together and walked rapidly to the bar. The police stopped them. They later discovered that Reed was carrying a loaded handgun, and that Martin's car contained a package of crack cocaine in the front seat, and twenty-five more such packages in the glove box. Viewing this evidence in the light most favorable to the government and giving it the benefit of all reasonable inferences, we think sufficient evidence supported the convictions Reed challenged in his motion. See United States v. Johnson, 18 F.3d 641, 645-46, 648-49 (8th Cir. 1994).
 
 
 4
 We do not consider the numerous other issues Reed raises for the first time on appeal. See United States v. Bost, 968 F.2d 729, 734 n. 4 (8th Cir. 1992).
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE JOHN BAILEY JONES, Chief Judge, United States District Judge for the District of South Dakota