United States Court of Appeals,

Eleventh Circuit.

No. 95-3171

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Willie C. HOLLEY a/k/a Bam, Defendant-Appellant.

May 9, 1996.

Appeal from the United States District Court for the Middle District of Florida. (No. 94-175-(S1)-CR-J-10), Wm. Terrell Hodges, Judge.

Before TJOFLAT, Chief Judge, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

Willie C. Holley appeals the sentence he received following a plea of guilty to the offense of using a communication device (a telephone) to further a conspiracy to distribute heroin, cocaine, and cocaine base. *See* 21 U.S.C. § 843(b) (1994). He contends that the district court erred (1) in determining his criminal history category and (2) in assessing his role in the offense. Neither contention has merit; only the second warrants discussion.

The sentencing guideline applicable to the offense of conviction, U.S.S.G. § 2D1.6, instructs the courts to apply the offense level applicable to the underlying offense, here the drug conspiracy described above. Section 2D1.1(a)(3), the guideline for the underlying offense, indicates that the base offense level shall be the level specified in the Drug Quantity Table. In this case, the district court set appellant's base offense level at 14, because it attributed to the appellant only 5 to 10 grams of the

heroin involved in the drug conspiracy. *See* U.S.S.G. § 2D1.1(c)(13) (Drug Quantity Table).

Appellant contends that the district court should have adjusted this base offense level downward to take into account his minor role in the offense. Whether appellant is correct is of no moment, because any error the court may have made in this case enured to appellant's benefit.

In reaching appellant's total offense level the district court was required to take into account all of the drugs that were part of the "jointly undertaken criminal activity" or that were "reasonably foreseeable" by appellant as part of such activity. *See* U.S.S.G. § 1B1.3(a)(1)(B); *United States v. Louis,* 967 F.2d 1550, 1552–1553 (11th Cir.1992) ("In a drug distribution case, quantities and types of drugs not specified in the count of conviction are to be included in determining the offense level if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction."). The court, however, did not take all of appellant's relevant conduct into account; rather, it attributed to appellant only the quantity of drugs involved in the count of conviction. The court omitted consideration of "quantities of contraband attributed to others, of which [appellant] may have had knowledge or conspiratorial responsibility." For example, the court did not hold appellant accountable for the "three or four bags of heroin" that co-conspirator Speights had obtained from appellant "on some occasions," or the heroin that was attributable to co-conspirators Neely and Beard but reasonably foreseeable to appellant as being

part of the conspiratorial activity.

Had the court properly applied section 1B1.3(a)(1)(B) and attributed to appellant all of the drugs that he reasonably knew were part of the "jointly undertaken criminal activity," appellant's total offense level would have been considerably higher than the level 14 that the court used to fashion his sentence. We agree with the Government that to order the district court to give appellant the downward role adjustment he seeks—based on his role in the drug conspiracy—and at the same time leave intact the district court's calculation of his base offense level—which did not give effect to all of appellant's relevant conduct—would be unreasonable. Moreover, it would be inconsistent with the intent of the sentencing guidelines. *Cf. United States v. Gomez,* 31 F.3d 28, 31 (2d Cir.1994) (U.S.S.G. § 3B1.2, comment. (n. 4) precludes the minor role adjustment because the Sentencing Commission did not intend that a defendant receive a downward adjustment based on his role in the entire criminal activity while also receiving a lower offense level based on his conduct in the narrower offense of conviction); *United States v. Lucht,* 18 F.3d 541, 556 (8th Cir.) (same), *cert. denied,* --- U.S. ----, 115 S.Ct. 363, 130 L.Ed.2d 316 (1994); *United States v. Olibrices,* 979 F.2d 1557, 1560 (D.C.Cir.1992) (same).

Appellant, as might be expected, does not challenge the district court's use of his narrower conduct to calculate his base offense level. He is not entitled to prevail on his request for a two-level reduction for his role in the broader conduct in which he engaged, however, without also accepting a calculation of the drugs

attributable to him based upon the same broader conduct. *See Lucht,* 18 F.3d at 556.

AFFIRMED.