_____

No. 96-1061SI

_____

United States of America,          *
                                   *
          Appellee,                *    Appeal from the United States
                                   *    District Court for the Southern
     v.                            *    District of Iowa.
                                   *
Robert Lee Hunter,                 *
                                   *
          Appellant.               *

_____

Submitted:  July 11, 1996

Filed:  September 10, 1996

_____

Before FAGG, LAY, and HEANEY, Circuit Judges.

_____

FAGG, Circuit Judge.

After stopping a car driven by Robert Lee Hunter for a seatbelt violation, police found cocaine base concealed between the two front seats and arrested Hunter and his passenger, Anthony Robinson.  Robinson pleaded guilty to possession with intent to distribute cocaine base.  At trial on charges of possession with intent to distribute and conspiracy to distribute cocaine base, Hunter moved for a judgment of acquittal at the close of the Government's case.  The district court reserved ruling on Hunter's motion.  Despite Robinson's testimony that the drugs were his alone, the jury found Hunter guilty on both charges.  The district court then granted Hunter's motion for judgment of acquittal on the conspiracy charge.  Hunter appeals his conviction and sentence for possession with intent to distribute cocaine base.  We affirm.

Hunter contends the district court improperly failed to grant his motion for judgment of acquittal on the conspiracy charge at

the close of the Government's evidence.  Although the court later granted Hunter's motion, Hunter claims the delay prejudiced him on the possession charge.  Rule 29(b) of the Federal Rules of Criminal Procedure authorizes the court to reserve ruling on a motion for judgment of acquittal, and it says nothing about timing. Fed. R. Crim. P. 29(b).  Timing used to matter. See United States v. House, 551 F.2d 756, 758 (8th Cir.) (court may not reserve ruling on motion to acquit when motion made at close of Government's evidence), cert. denied, 434 U.S. 850 (1977) .  But it matters no longer.  See Fed. R. Crim. P. 29 advisory committee notes to 1994 amendments (Rule 29(b) now permits reserved ruling on motion to acquit made at either close of Government's case or close of all evidence).  Thus, the district court had authority to postpone its decision when it did, and Hunter does not explain what prejudice he suffered from the ruling's postponement.  We conclude the district court acted within its discretion. See United States v. Hatchett, 31 F.3d 1411, 1424 (7th Cir. 1994) (ruling on motion for acquittal rests within sound discretion of trial court).

Next, Hunter contends the evidence was insufficient to support his conviction for possession with intent to distribute cocaine base.  Of course, we must view the evidence in the light most favorable to the Government and accept all reasonable inferences supporting the jury's verdict.  United States v. Scott, 64 F.3d 377, 380 (8th Cir. 1995).

Viewed in this light, the Government's evidence showed the following facts.  When Des Moines police officers drove past a suspected drug house shortly after midnight, they saw several people scatter and run when their marked patrol car approached.  Then they saw a vehicle with its lights off pull out from behind the closed liquor store next door to the house.  Swinging behind this vehicle, the officers noticed a seatbelt violation and turned on their flashing red lights.  Hunter, the driver, slowed but did not stop.  Robinson, his passenger, began reaching under the seats

and into the back seat.  One of the officers activated his public-address system and ordered the suspects to stop and put their hands up.  Hunter still did not stop, and Robinson kept reaching into the back seat.  Again the officer ordered the driver to stop, but Hunter rolled the car another ten or fifteen feet before complying.  On being ordered a third time to raise his hands, Hunter raised his left hand, and about thirty seconds later his right as well.

After ordering the suspects out of the car, one of the officers saw a small plastic bag wedged in a space near the floor-mounted shifter.  The bag contained 14.76 grams of cocaine base--an amount an FBI agent testified "would definitely be involved in distribution versus personal use."  When searched, Hunter was found to have $804 cash, and Robinson, $724.  In his defense, Hunter called Robinson, who testified the cocaine was his alone.  According to Robinson, Hunter first learned Robinson possessed the cocaine when the police officers pulled up behind them and turned on their flashing lights.

To make its case, the Government had to prove Hunter knowingly possessed cocaine with intent to distribute.  United States v. Johnson, 18 F.3d 641, 647 (8th Cir. 1994).  Knowing possession of contraband may be either actual or constructive.  United States v. Willis, Nos. 95-2261, 95-2654, 1996 WL 406672, at *5 (8th Cir. July 22, 1996).  Hunter constructively possessed the cocaine if he "had knowledge of, and control over, the drugs."  Id.  "[M]ere physical proximity to the contraband" is not enough.  Johnson, 18 F.3d at 647.  Notwithstanding Robinson's testimony, a reasonable jury could infer knowledge and control from Hunter's refusal to stop when ordered, his delay in raising his right hand, and the location of the drugs immediately to Hunter's right.  See Willis, 1996 WL 406672, at *5 (sufficient evidence of constructive possession when, among other incriminating facts, one defendant was driver of car in which police found cocaine and second defendant was within arm's reach of the drugs).  We cannot say a reasonably

minded jury must have entertained a reasonable doubt that Hunter constructively possessed the drugs. <u>United States v. Adkins</u>, 842 F.2d 210, 212 (8th Cir. 1988).

Hunter also contends he was denied effective assistance of counsel. Generally, we do not consider ineffective assistance claims on direct appeal because the factual record is inadequate. <u>United States v. Taylor</u>, 82 F.3d 200, 201 (8th Cir. 1996). We make an exception, however, when, as here, the record suffices and the Government does not object. <u>See</u> <u>United States v. Ford</u>, 918 F.2d 1343, 1350 (8th Cir. 1990) (ineffective assistance claim heard on direct appeal when all relevant facts known); <u>United States v. Logan</u>, 49 F.3d 352, 361 (8th Cir. 1995) (ineffective assistance claim not addressed on direct appeal because Government objected). To sustain his argument, Hunter must show his counsel's performance was deficient, and counsel's "errors were so serious as to deprive [Hunter] of a fair trial." <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).

Hunter complains counsel did not object to, or move to strike, the FBI agent's testimony that the amount of cocaine base found in the vehicle was consistent with distribution rather than use. Hunter argues the testimony was inadmissible because it went to the ultimate issue of intent. We disagree. Expert testimony that a certain quantity of drugs suggests distribution is admissible. <u>United States v. Wilson</u>, 964 F.2d 807, 810 (8th Cir. 1992) (applying Federal Rule of Evidence 704(b)). Hunter's counsel reasonably chose not to object to admissible evidence.

Hunter also faults counsel for not calling witnesses to testify to Robinson's statements to them exonerating Hunter. Robinson testified in person at Hunter's trial, however, saying the drugs were his. Counsel had no reason to present duplicative, hearsay testimony when Robinson spoke for himself. Hunter has failed to prove deficient performance, and that ends our analysis.

United States v. Flynn, 87 F.3d 996, 1000 (8th Cir. 1996).

Finally, Hunter asks us to hold 21 U.S.C. § 841(b)(1)(B) void for vagueness or inapplicable by operation of the rule of lenity.  Our cases foreclose these requests.  United States v. House, 939 F.2d 659, 664 (8th Cir. 1991) (rejecting vagueness argument); United States v. Jackson, 64 F.3d 1213, 1219-20 (8th Cir. 1995) (rejecting rule of lenity argument), cert. denied, 116 S. Ct. 966 (1996).

We affirm Hunter's conviction and sentence.

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.