United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 97-3730

_____

United States of America,              *
                                              *

           Appellee,              *
                                              * Appeal from the United States

     v.                        * District Court for the
                                              * Eastern District of Arkansas.

Donald Gene Crouse,               *
                                            *      [UNPUBLISHED]

           Appellant.            *

_____

Submitted:  April 3, 1998
Filed:   April 9, 1998

_____

Before FAGG, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

After a jury convicted Donald Gene Crouse of possessing with intent to distribute approximately 111.2 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), the district court[1] sentenced him to 120 months imprisonment and eight years supervised release. On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which counsel argues that the evidence was insufficient to convict Crouse, and that the district court misapplied the 21 U.S.C. § 841(b)(1)(B) sentence-enhancement provision. We disagree and affirm.

_____

[1]The Honorable Stephen M. Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas.

In evaluating an insufficiency-of-the-evidence claim, we assume the government's evidence was truthful and valid, and we give the government the benefit of all reasonable inferences.  See United States v. Watson, 952 F.2d 982, 987 (8th Cir. 1991), cert. denied, 503 U.S. 994 (1992).  As "the evidence need not be so powerful as to exclude every reasonable hypothesis of innocence . . . or to prove guilt beyond all possible doubt," we will reverse a jury's finding of guilt only if a rational jury would have had to "reasonably . . . doubt the existence of an element of a charged crime."  Id.

At trial, the government presented evidence that a law enforcement officer saw Crouse hide a brown sack behind an air-conditioning unit at a gas station; and that, when a second officer looked behind the unit, he found an amount of methamphetamine which was indicative of distribution, along with scales and syringes.  This evidence was sufficient to show Crouse knowingly possessed the methamphetamine with intent to distribute, see United States v. Hunter, 95 F.3d 14, 16 (8th Cir. 1996); United States v. Schubel, 912 F.2d 952, 956 (8th Cir. 1990) (inference of intent to distribute permissible where defendant possessed at least 49 grams of methamphetamine, scales, and packaging materials, among other things), notwithstanding the lack of incriminating fingerprint evidence, cf. United States v. White, 81 F.3d 80, 82 (8th Cir. 1996) (holding evidence sufficient to sustain defendant's conviction for possession of drugs, despite lack of fingerprint evidence, where witness testified he saw defendant throw down bag containing drugs during pursuit).

We also conclude that the district court did not err in enhancing Crouse's sentence under section 841(b)(1)(B).  Cf. United States v. Baca-Valenzuela, 118 F.3d 1223, 1227 (8th Cir. 1997) (district court's interpretation of statute is subject to de novo review; reviewing de novo challenge to district court's ruling as matter of law that defendant's drug offense was aggravated felony within purview of Immigration and Nationality Act).  Section 841(a)(1) provides that it is unlawful to "manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance," and section 841(b)(1)(B) provides for sentence enhancement

if a defendant committed such an offense after a prior conviction for a "felony drug offense." The prior conviction in Crouse's case was one for aiding and abetting the distribution of methamphetamine.

Contrary to the argument raised in counsel's brief, an aiding-and-abetting conviction is a prior "felony drug offense" for purposes of section 841(b)(1)(B) even though it is not enumerated in section 841(a)(1). A person who aids and abets the manufacture and distribution of drugs is punishable under the provisions of section 841(b). See 18 U.S.C. § 2(a); United States v. Posters 'N' Things, Ltd., 969 F.2d 652, 662 (8th Cir. 1992), aff'd, 511 U.S. 513 (1994). Thus, just as aiding and abetting constitutes a crime punishable under section 841(b)--even though it is not an enumerated offense in section 841(a)--a prior aiding-and-abetting conviction constitutes a prior "felony drug offense" for purposes of applying the section 841(b) enhancement.

Having reviewed the record, we find no other nonfrivolous issues. See Penson v. Ohio, 488 U.S. 75, 80 (1988).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.