# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1412

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　Appellee,　　　　　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　*　Western District of Arkansas
Phillip Haney,　　　　　　　　　*
　　　　　　　　　　　　　　　　　*　　　[UNPUBLISHED]
　　　　　Appellant.　　　　　　　*

_____

Submitted:　February 18, 2000

Filed:　March 1, 2000

_____

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD,
　　　Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Phillip Haney appeals from the final judgment entered in the District Court[1] for the Western District of Arkansas upon a jury verdict finding him guilty of possessing cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Haney to 292 months imprisonment and 8 years supervised release. For reversal, Haney argues that (1) the

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

government's failure to offer a specific purpose for introducing prior-bad-acts evidence negated the beneficial effect of the district court's limiting instruction, and (2) the district court erred in overruling his motions for judgment of acquittal. For the reasons discussed below, we affirm the judgment of the district court.

We first conclude that the district court did not abuse its discretion in admitting prior-bad-acts evidence under Fed. R. Evid. 404(b). See United States v. Shoffner, 71 F.3d 1429, 1432 (8th Cir. 1995). A confidential informant testified to conduct by Haney--leaving crack at the informant's house--that occurred only one month before the charged conduct, and another witness testified that he had seen Haney sell crack and had sold Haney crack on at least twenty occasions during the year preceding the charged conduct. See United States v. Turner, 104 F.3d 217, 222 (8th Cir. 1997) (witness's testimony that defendant had sold cocaine base was relevant to intent, motive, and knowledge, concerned similar crimes, and was reasonably close in time to offense charged). The multiplicity of purposes for which the evidence was admitted is not a basis for reversal. See United States v. Mothershed, 859 F.2d 585, 589 (8th Cir. 1988) (while discouraged, district court's "laundry list" of purposes for admitting Rule 404(b) evidence was not in itself basis for reversal).

We also conclude that the district court properly denied Haney's motions for judgment of acquittal. We will reverse a conviction only if a "reasonable fact-finder must have entertained a reasonable doubt about the government's proof of one of the offense's essential elements." United States v. Dawson, 128 F.3d 675, 677 (8th Cir. 1997) (quoted case omitted). We hold the government proved, through circumstantial evidence, that Haney was in possession of crack, knew he was in possession of crack, and intended to distribute some or all of it. See United States v. Thomas, 58 F.3d 1318, 1322 (8th Cir. 1995) (elements of § 841(a) offense).

The government's evidence showed Haney agreed to sell an informant roughly the same amount of crack (5.1 grams) that was found by law enforcement authorities

in an alley; Haney had told the informant to meet him near where the crack was found, and that he would have the drugs with him. An officer had observed Haney near the metal grate where the crack was found, and Haney had run from officers when they approached him. In addition, Haney had admitted to one of the witnesses that he typically hid crack in the alley, and an officer testified that the way the crack was packaged indicated it was intended for distribution, not personal use. See United States v. Hunter, 95 F.3d 14, 16 (8th Cir. 1996) (reasonable jury could infer knowledge and control from defendant's refusal to stop car when ordered, defendant's delay in raising right hand, and location of drugs immediately to defendant's right); United States v. Patterson, 886 F.2d 217, 218-19 (8th Cir. 1989) (per curiam) (presence of bag of cocaine base on ledge in basement where defendant was hiding and fact that bag was clean, unlike anything else in basement, established defendant's constructive possession); see also United States v. White, 81 F.3d 80, 82 (8th Cir. 1996) (with additional evidence, possessing 5 grams of cocaine is amount from which jury could infer intent to distribute).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-