UNITED STATES of America, Appellee,

v.

George W. THOMPSON, Appellant.

No. 90–1918EA.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 14, 1990.

Decided Jan. 30, 1991.

Walter Craig Lambert, Little Rock, Ark., for appellant.

Robert J. Govar, Little Rock, Ark., for appellee.

Before ARNOLD and BEAM, Circuit Judges, and BOGUE,* Senior District Judge.

BOGUE, Senior District Judge.

Appellant George W. Thompson was indicted and charged in two counts: (1) conspiracy to distribute cocaine, 21 U.S.C. § 846; and (2) possession of cocaine with

---

* The Hon. Andrew W. Bogue, Senior United States District Judge for the District of South Dakota sitting by designation.

intent to distribute, 21 U.S.C. § 841(a)(1). Thompson raises two issues on appeal. First, he claims that three criminal history points were improperly assessed for a prior state court conviction for which no period of incarceration was served; and, that two criminal history points were improperly assessed because he was not under a criminal justice sentence when the instant offenses occurred. Next, Thompson claims that the seizure of his truck, and the subsequent inventory search at the police department, were conducted improperly.

## I. BACKGROUND:

Thompson, Elena DeLeon, and Jerry Dean Maxey were indicted on September 18, 1989, for conspiracy to distribute cocaine and possession of cocaine with intent to distribute. The police, acting on information provided to them by DeLeon and Maxey, seized Thompson's vehicle and conducted an inventory search.[1] A controlled substance was discovered and Thompson was later arrested when he arrived at the police department to visit DeLeon. Ultimately, Maxey pleaded guilty, and DeLeon and Thompson were convicted by a jury on both counts.

On May 22, 1990, Thompson was sentenced to a term of twenty-seven months imprisonment, a $10,000 fine and a term of four years supervised release.[2]

## II. ISSUES:

### A.

In 1988, Thompson was tried, convicted and sentenced in Arkansas circuit court to three years imprisonment for keeping a gambling house.[3] This conviction was ultimately affirmed by the Arkansas Supreme Court,[4] although the sentence was reduced to eighteen months. For some inexplicable reason, Thompson was never picked up by the Arkansas authorities and, consequent-ly, he never served a single day of this state conviction.

Thompson now argues that since he served no time for this conviction, his state sentence should not qualify as a "sentence of imprisonment" for purposes of determining criminal history points. Under Section 4A1.2(b)(1), a "sentence of imprisonment" is defined as "a sentence of incarceration and refers to the maximum sentence imposed." Application Note 2 to Section 4A1.2 provides, however: "To qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence (or, if the defendant escaped, would have served time)." Thompson suggests that because the Arkansas authorities failed to pick him up after his conviction was affirmed, this Court should treat his conviction as if it had been suspended. We reject this contention.

■ This Court agrees that a suspended imposition of sentence does not count as a "sentence of imprisonment" for purposes of determining criminal history points. *See United States v. McCrary*, 887 F.2d 485 (4th Cir.1989). The state sentence levied against Thompson, however, was not suspended, either in imposition or execution. The State of Arkansas took no affirmative steps to relieve Thompson of his obligation to serve eighteen months in prison. Through inadvertence—or perhaps negligence—the State simply failed to pick him up. Although Thompson's status is not that of an escaped prisoner, neither does he rise to the level of one whose sentence was affirmatively suspended.

■ Under 4A1.2(b)(1), Thompson was given "a sentence of incarceration [which] refers to the maximum sentence imposed." Absent some type of affirmative conduct by the state relieving Thompson of his penal obligation, this Court must affirm the

---

1. DeLeon and Maxey were arrested on May 17, 1989, following a controlled buy of cocaine from them by state and local police officers. Thompson was not arrested until May 18, 1989, when he arrived at the Conway Police Department to visit DeLeon.

2. The Honorable Stephen M. Reasoner, United States District Judge, Eastern District of Arkansas, Western Division.

3. Ark.Code Ann. § 5–66–103 (1987).

4. *Thompson v. State*, 298 Ark. 502, 769 S.W.2d 6 (1989).

three criminal history points assessed against him for a past "sentence of imprisonment."

Thompson also argues that two additional criminal history points were improperly assessed under 4A1.1(d) because his sentence did not qualify as a "criminal justice sentence." Section 4A1.1(d) requires that two criminal history points be added if the defendant committed the offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

It is apparent from this section that actual incarceration is not required in order to qualify as a "criminal justice sentence." Sentences for all felony offenses are counted. 4A1.2(c). As we just indicated, Thompson was under a state criminal justice sentence when the instant offenses occurred. Therefore, the district court properly added two criminal history points to Thompson's sentence.

### B.

■ The final issue raised by Thompson is the failure of the court below to suppress evidence found in Thompson's truck pursuant to the inventory search conducted by the Conway Police Department; and to suppress $3,400 in cash found on Thompson's person during his arrest.

Following their arrest, DeLeon and Maxey told the police that Thompson had provided them with the cocaine and that the cocaine had been transported in a Nissan 4×4 pickup truck. Consequently, the Arkansas State Police Narcotics Division was ordered by the United States Attorney's Office to seize this truck for purposes of forfeiture to the United States, pursuant to 21 U.S.C. § 881(a)(4) [5].

The issue of warrantless searches of vehicles subject to forfeiture was addressed by Justice Black in *Cooper v. California*, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967):

Here the officers seized petitioner's car because they were required to do so by state law. They seized it because of the crime for which they arrested petitioner. They seized it to impound it and they had to keep it until forfeiture proceedings were concluded. Their subsequent search of the car—whether the State had 'legal title' to it or not—was closely related to the reason petitioner was arrested, the reason his car had been impounded, and the reason it was being retained. * * * Under the circumstances of this case, we cannot hold unreasonable under the Fourth Amendment the examination or search of a car validly held by officers for use as evidence in a forfeiture proceeding.

*Id.* at 61–62, 87 S.Ct. at 791.

Under the *Cooper* analysis, the police officers conducted a proper search of a vehicle seized by the state. There is no evidence in the record to indicate that the inventory search of Thompson's vehicle was simply a generalized search for evidence. The evidence discovered was obtained through a proper inventory search, conducted reasonably and in good faith, and done in accordance with customary police practice in that department. *Florida v. Meyers*, 466 U.S. 380, 104 S.Ct. 1852, 80 L.Ed.2d 381 (1984); *Michigan v. Thomas*, 458 U.S. 259, 102 S.Ct. 3079, 73 L.Ed.2d 750 (1982); *South Dakota v. Opperman*, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976).

■ Thompson next alleges that the $3,400 found on his person when he was arrested was improperly admitted into evidence because its seizure lacked probable cause. This argument is without merit. Probable cause to arrest a suspect without a warrant exists if the "facts and circumstances within the officer's knowledge ... are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Michigan v.*

---

**5.** "All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession or concealment of [controlled substances are subject to forfeiture]." 21 U.S.C. § 881(a)(4).

*DeFillippo*, 443 U.S. 31, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979).

The Court below concluded that sufficient evidence existed to establish probable cause to arrest Thompson without a warrant. Maxey provided the make and style of pickup used to transport the cocaine, the location of the pickup, and the nature of the amorous relationship between Thompson and DeLeon. The pickup proved to be registered to Thompson, and it was ultimately found at a residence shared by Thompson and DeLeon. And, as was stated earlier, Maxey told the police that the cocaine given to them had been provided by Thompson.

 The admissibility of the $3,400, however, hinges not on the validity of the arrest, but on the currency's relationship to the arrest. Thompson was subsequently indicted on charges of conspiracy to distribute cocaine and distribution of cocaine. Thus, establishing Thompson's intent to distribute was essential to the government's case at trial. This Court has consistently held that intent to distribute may be proved by either direct or circumstantial evidence and may be inferred from such things as large quantities of drugs, *large sums of unexplained currency*, and the presence of firearms. *United States v. Matra*, 841 F.2d 837 (8th Cir.1988); *United States v. Shurn*, 849 F.2d 1090, 26 Fed.R. Evid.Serv. 123 (8th Cir.1988). Thompson's innocent explanation for the presence of this money was rejected by the court and jury below. We shall do likewise.

The Court below did not abuse its discretion by refusing to suppress evidence discovered incident to an inventory search of Thompson's truck and evidence found on Thompson's person pursuant to a valid warrantless arrest. Each of Appellant's claims is without merit and, therefore, the judgment below is

Affirmed.