46 F.3d 1136
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Bill KUZILA, Appellant.
 No. 94-2777.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Jan. 13, 1995.
Filed: Jan. 24, 1995.
 
 Before McMILLIAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Bill Kuzila appeals his conviction and sentence, following a jury trial in the district court,[1] for possessing methamphetamine with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. For reversal Kuzila argues that there was insufficient evidence to support his conviction and that the district court erred by applying a two-level enhancement for possession of a dangerous weapon, because the government failed to show that Kuzila possessed the weapon and that it was operable. We affirm.
 
 
 2
 Upon execution of a search warrant in a house trailer, law enforcement officers found Kuzila lying in a bed next to a nightstand, in the drawer of which were a loaded .25 caliber semi-automatic pistol and a bag containing $1028 and packets of methamphetamine. A search of Kuzila's billfold revealed the names and addresses of various chemical supply companies and the name of a chemical agent used to manufacture methamphetamine. Testimony at trial also revealed that Kuzila was storing at the trailer equipment to manufacture the drug, and that he was seen distributing the drug there on a number of occasions. Viewing all the evidence in the light most favorable to the government, see United States v. Johnson, 18 F.3d 641, 645 (8th Cir. 1994), we conclude a reasonable jury could have found that Kuzila constructively possessed the methamphetamine and that he intended to distribute it. See United States v. Wesley, 990 F.2d 360, 364 (8th Cir. 1993) (standard of review; defining constructive possession); United States v. Thompson, 925 F.2d 234, 237 (8th Cir. 1991) (evidence of intent to distribute may be inferred from possession of large quantity of drugs, large sums of unexplained money, and presence of firearms).
 
 
 3
 We conclude the district court did not commit clear error by increasing Kuzila's offense level under U.S.S.G. Sec. 2D1.1(b) for possession of a dangerous weapon. See United States v. Luster, 896 F.2d 1122, 1128 (8th Cir. 1990) (standard of review). Kuzila clearly had constructive possession of the weapon, see United States v. Jones, 875 F.2d 674, 676 (8th Cir.) (per curiam) (defendant possessed weapon during drug offense because it was found in close proximity to drugs), cert. denied, 493 U.S. 862 (1989), and the government sufficiently showed that the weapon was or appeared to be operable, see Luster, 896 F.2d at 1128-29 (inoperability of firearm not bar to adjustment as long as firearm "did not clearly appear inoperable" at time of offense).
 
 
 4
 The judgment and sentence are affirmed.
 
 
 
 [1]
 The HONORABLE JIMM LARRY HENDREN, United States District Judge for the Western District of Arkansas