52 F.3d 331
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Dominic BLACKSHIERS, Appellant.
 No. 93-3604
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Mar. 16, 1995
Filed: Apr. 26, 1995
 
 Before McMILLIAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Dominic Blackshiers appeals from a final judgment entered in the district court,[1] upon a jury verdict, finding him guilty of possessing cocaine base with intent to distribute and using a firearm during a drug trafficking offense, in violation of 18 U.S.C. Sec. 924(c)(1) and 21 U.S.C. Secs. 841(a)(1) & (b)(1)(B)(iii). For reversal, Blackshiers argues, inter alia, that the district court erred by failing to suppress physical evidence seized during a protective sweep of his residence and by admitting evidence of prior drug transactions, and that there was insufficient evidence to support his convictions. We affirm.
 
 
 2
 At the beginning of the trial, the court agreed to reconsider Blackshiers's suppression motion (previously denied) in light of the evidence presented at trial. The government presented the following evidence during its case-in-chief. Upon his arrest at his residence in March 1993, Blackshiers told the arresting officers there was a shotgun in the basement. The officers could also hear voices coming from the basement. While conducting a protective sweep of the basement, an officer found, in plain view, the shotgun, cocaine, and various items of drug paraphernalia. Following this discovery, Blackshiers stated that he had purchased cocaine from a dealer six or seven times, he had purchased the cocaine found in the basement for $1,500 and he could have made $5,000 when he resold the drugs, he had just finished "cooking" the powder cocaine into crack cocaine when the officers arrived, he had purchased his car with drug proceeds, and he had to have the shotgun for his protection. Forensic tests revealed the substance found in the basement was over 23 grams of cocaine base. A drug agent testified that its street value was approximately $5,000.
 
 
 3
 During his defense, Blackshiers admitted the drugs found in the basement were his but denied he was a drug dealer. He also denied making any of the above-described statements to officers. On cross examination, Blackshiers denied he had ever sold crack cocaine. In rebuttal, the government produced testimony that on three separate occasions in 1991, Blackshiers sold crack cocaine to an undercover police officer. Returning to the stand, Blackshiers denied ever seeing the officer before and claimed the officer's testimony was a lie. The jury found Blackshiers guilty on both counts. Blackshiers was sentenced to consecutive 60-month prison terms, followed by four years supervised release.
 
 
 4
 We conclude that the district court did not clearly err in its factual findings or erroneously apply the applicable law by denying Blackshiers's motion to suppress the physical evidence seized during the protective sweep. See United States v. Maholy, 1 F.3d 718, 720 (8th Cir. 1993); United States v. Wold, 979 F.2d 632, 634 (8th Cir. 1992). Given the testimony at trial, the district court did not clearly err by finding that the sweep was justified. See Maryland v. Buie, 494 U.S. 325, 337 (1990). ("Fourth Amendment permits a properly limited protective sweep in conjunction with an in-home arrest when the searching officer possesses a reasonable belief based on specific and articulable facts that the area to be swept harbors an individual posing a danger to those on the arrest scene"). Because the physical evidence was discovered in plain view during the course of a valid protective sweep, it was admissible at trial. See United States v. Evans, 966 F.2d 398, 400 (8th Cir.) (plain-view doctrine permits seizure of items if police are lawfully in position to observe item and if its incriminating character is immediately apparent), cert. denied, 113 S. Ct. 502 (1992).
 
 
 5
 As Blackshiers did not contemporaneously object to the government's presentation of evidence regarding his prior drug transactions, we review for plain error. See United States v. Ojeda, 23 F.3d 1473, 1477 (8th Cir. 1994) (standard of review); Fed. R. Evid. 103(a)(1). Evidence of prior bad acts or crimes is admissible if it is (1) relevant to a material issue; (2) proved by a preponderance of the evidence; (3) higher in probative value than in prejudicial effect, based on Federal Rule of Evidence 403; and (4) similar in kind and close in time to the crime charged. See United States v. Sutton, 41 F.3d 1257, 1259 (8th Cir. 1994). These requirements were satisfied. Thus, we conclude the district court did not commit plain error by admitting the testimony. See United States v. Huff, 959 F.2d 731, 736-37 (8th Cir.) (evidence of prior drug transactions admissible as evidence of intent, knowledge, or common plan or scheme), cert. denied, 113 S. Ct. 162 (1992); United States v. Williams, 895 F.2d 1202, 1204-06 (8th Cir. 1990) (evidence of "other crimes" within two years of charged offense was sufficiently close in time). Also, in light of all the other evidence, we conclude the court's failure to sua sponte give a limiting instruction did not result in plain error. See United States v. Aranda, 963 F.2d 211, 216 (8th Cir. 1992) (failure to provide limiting instruction reviewed for plain error when defendant did not request such instruction); Fed. R. Evid. 105.
 
 
 6
 "[V]iew[ing] the evidence 'in the light most favorable to the government, [and] giving the government the benefit of all reasonable inferences which may logically be drawn therefrom,' " United States v. Johnson, 18 F.3d 641, 645 (8th Cir. 1994) (quoted case omitted), we conclude the jury reasonably could have found Blackshiers intended to distribute the cocaine based on the amount he possessed, his incriminating statements, and the presence of the shotgun and drug paraphernalia. See Ojeda, 23 F.3d at 1476 (intent to distribute may be established by circumstantial evidence); United States v. Thompson, 925 F.2d 234, 237 (8th Cir. 1991) (evidence of intent to distribute may be inferred from possession of large quantity of drugs and presence of firearms). Moreover, it is the jury's role to evaluate the credibility of the witnesses and the weight to be given to their testimony. See United States v. Wilson, No. 94-2404, slip op. at 4 (8th Cir. Mar. 1, 1995). We also hold there was sufficient proof to find Blackshiers used the shotgun while distributing the cocaine. See United States v. Quintanilla, 25 F.3d 694, 700 (8th Cir.) (proof firearm was present and available sufficient to support conviction under Sec. 924(c)(1)), cert. denied, 115 S. Ct. 457 (1994).
 
 
 7
 We will not consider Blackshiers's ineffective-assistance claim, which should be raised in a 28 U.S.C. Sec. 2255 proceeding where the record can be appropriately developed. See United States v. Thomas, 992 F.2d 201, 204 (8th Cir. 1993). Finally, we reject as meritless Blackshiers's arguments that the government failed to plead and prove an essential element of the crimes charged (namely, a nexus with interstate commerce), and that the district court judge violated his due process rights in connection with the denial of his suppression motion.
 
 
 8
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri