# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1676

_____

United States of America,

*Plaintiff - Appellee,*

v.

Warnell Reid,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 15, 2016
Filed: July 5, 2016

_____

Before WOLLMAN, MELLOY, and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

A jury convicted Warnell Reid of possession of a firearm as a previously convicted felon. *See* 18 U.S.C. § 922(g)(1). The district court determined that Reid was subject to a mandatory minimum sentence of 180 months' imprisonment pursuant to 18 U.S.C. § 924(e), and sentenced him to 188 months in prison. Reid appealed, and this court vacated the sentence and remanded for resentencing, because § 924(e)

was inapplicable to Reid. *United States v. Reid*, 769 F.3d 990, 995 (8th Cir. 2014). On remand, the district court[*] sentenced Reid to 96 months' imprisonment, a sentence at the top of the revised advisory guideline range. Reid appeals and raises several issues relating to his sentence. We affirm.

I.

The prosecution arose from events that transpired when law enforcement officers executed an arrest warrant for Earnestine Graham, Reid's girlfriend, at her residence in November 2011. At the time, Reid was on parole for three felonies in Missouri: robbery, armed criminal action, and possession of a controlled substance in a correctional facility.

After arresting Graham without incident, officers searched the home. In a first-floor bedroom, officers discovered a semiautomatic SKS assault rifle with a loaded 30-round magazine attached to the weapon, a loaded twelve-gauge shotgun, and a disassembled .44 caliber revolver. Officers also found in the bedroom several of Reid's possessions, including a cell phone, wallet and identification, articles of clothing, a to-do list Reid had written the day before, and two folders containing documents in Reid's name.

Graham told the officers that Reid lived at the residence and that the firearms belonged to him. As officers were placing the weapons in their vehicle, Reid arrived at the residence and parked his car nearby. Officers arrested Reid and recovered keys in his possession that opened the front door of the residence and a padlock in the home's kitchen.

---

[*]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

A grand jury charged Reid with unlawful possession of a firearm as a previously convicted felon, and the case proceeded to trial. There was no dispute that Reid was a convicted felon, but Reid denied that he possessed a firearm. The firearms and other evidence seized at the home were received in evidence. Graham testified that Reid had purchased the assault rifle and shotgun. She also said that after Reid began living at the residence in September 2011, he brought the firearms into the home and kept them in a first-floor bedroom closet with a combination lock. She explained that Reid removed the firearms from the closet the day before the search while he was under the influence of narcotics.

Reid testified at trial and denied living at Graham's residence. He testified that he left his papers and the to-do list at the residence on the day before the search, and he claimed that nearly all of the clothing seized belonged to Graham. Reid said he "had nothing to do" with the firearms in the house. The jury found Reid guilty, and a sentencing and appeal followed.

On remand from the first appeal, the district court held a resentencing hearing. The court received evidence, determined an advisory guideline range of 77 to 96 months' imprisonment, and imposed a sentence of 96 months, to be served consecutive to a sentence that Reid was serving in Missouri. Reid appeals the sentence, raising claims of procedural error and substantive unreasonableness. We review the district court's interpretation of the sentencing guidelines *de novo* and its factual findings for clear error. *United States v. Sigillito*, 759 F.3d 913, 940 (8th Cir. 2014).

II.

Reid argues that the district court erred in allowing the government on remand to add evidence to the existing record. Our prior opinion, however, did not address the issues raised on remand or limit the scope of the proceedings. The district court

was thus permitted to consider any relevant evidence that it could have received at Reid's first sentencing hearing. *United States v. Kendall*, 475 F.3d 961, 964 (8th Cir. 2007).

Reid's first claim of procedural error is that the district court incorrectly determined that his base offense level was 22. Under USSG § 2K2.1(a)(3), a defendant convicted for unlawful possession of a firearm is assessed a base offense level of 22 when (1) "the offense involved a . . . semiautomatic firearm that is capable of accepting a large capacity magazine," and (2) "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." A large capacity magazine is one that can accept more than fifteen rounds of ammunition. USSG § 2K2.1, comment. (n.2).

Reid argues that the district court impermissibly relied on the presentence report and never made a finding that any of the firearms were capable of accepting a large capacity magazine. The presentence report is not evidence, but if a defendant does not object to facts set forth in the report, then the district court may accept those facts as true for purposes of sentencing. *United States v. Moser*, 168 F.3d 1130, 1132 (8th Cir. 1999). Reid never objected to portions of the report stating that the assault rifle could accept a large capacity magazine. The court thus did not err when it adopted those facts without making a separate finding. The trial record, moreover, contains abundant evidence to show that the assault rifle was semiautomatic and capable of accepting a large capacity magazine.

Reid also objects that he never received notice in the indictment that his sentence could be enhanced based on possession of a firearm that could accept a large capacity magazine. That the assault rifle was capable of accepting a large capacity magazine, however, did not increase the statutory minimum or maximum punishment, and it was thus not an element of the violation under 18 U.S.C. § 922(g)(1). *See Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013). As such, Reid was not

entitled to notice of the guideline enhancement in the indictment. *See United States v. Okai*, 454 F.3d 848, 851 (8th Cir. 2006).

Reid next argues that the district court erred in applying an adjustment for obstruction of justice under USSG § 3C1.1. That guideline provides for a two-level increase if the district court finds by a preponderance of the evidence that a defendant committed perjury, *i.e.*, that he willfully testified falsely as to a material matter. USSG § 3C1.1 & comment. (n.4(b)); *United States v. Dunnigan*, 507 U.S. 87, 94-95 (1993). To apply the adjustment, the district court must make a finding of perjury that is independent of the jury's verdict. *Dunnigan*, 507 U.S. at 95. It is preferable for the district court to address each element of perjury in a separate and clear finding, but it is sufficient if the court makes a finding that "encompasses all of the factual predicates for a finding of perjury." *Id.*; *see United States v. Nshanian*, Nos. 14-2715 & 14-2937, 2016 WL 2342909, at *3 (8th Cir. May 4, 2016). We review the district court's finding for clear error. *United States v. Flores*, 362 F.3d 1030, 1037 (8th Cir. 2004).

Reid contends that the district court simply relied on the jury's verdict to support the adjustment. The court did observe that the jury disbelieved Reid's denial that he possessed the firearms, but the court did not rely solely on the jury's verdict. The court made these findings: "I do find by a preponderance of the evidence that this enhancement is supportable based on the evidence and on the ultimate decision by the jury to convict." And: "I think there's definitely a basis by a preponderance of the evidence that . . . this enhancement is appropriate." The court referred to the trial transcript, the government's sentencing memorandum, and the parties' arguments at sentencing in support of its conclusion. We conclude that the court's statements on the record are sufficient to show an independent finding that Reid had perjured himself when he denied possessing the firearms. *See United States v. Kessler*, 321 F.3d 699, 703 (8th Cir. 2003).

Reid also complains that the district court did not find each element necessary to support a finding of perjury. The findings are indeed slim on the constituent elements. But our cases have affirmed an independent finding of obstruction of justice, even without explicit mention of each factual predicate, where the finding is strongly supported by the record. *E.g.*, *Nshanian*, 2016 WL 2342909, at *3; *Kessler*, 321 F.3d at 703; *United States v. Brown*, 311 F.3d 886, 890 (8th Cir. 2002); *United States v. Esparza*, 291 F.3d 1052, 1055-56 (8th Cir. 2002). There is no doubt here that Reid's denial was material—whether he possessed the firearms was the central issue at trial. And we see no plausible argument that Reid's false testimony was the result of confusion, mistake, or faulty memory. Graham testified that Reid purchased the guns and brought them into the residence. Reid possessed keys to Graham's residence, and he knew the combination to the lock on the closet where the firearms were stored. Police found Reid's possessions in the room with the weapons. The record strongly supports a conclusion that Reid's testimony was willful, and a remand for clarification is unnecessary on this record. The district court did not clearly err in applying the two-level increase under § 3C1.1.

Reid next disputes the district court's computation of his criminal history score under the guidelines. The court assessed three criminal history points for Reid's prior conviction for possession of a controlled substance in a correctional facility. In 1998, while serving a twenty-five year prison sentence in Missouri for robbery, Reid was sentenced to a consecutive term of ten years for committing a drug offense while incarcerated. The ten-year term is scheduled to begin when the robbery sentence expires in 2017.

The guidelines provide that three points are added "for each prior sentence of imprisonment exceeding one year and one month." USSG § 4A1.1(a). Reid asserts that because he had not begun to serve the ten-year consecutive term in Missouri when he was sentenced in this case, the state drug conviction does not count as a "prior sentence of imprisonment."

Reid's argument is premised on commentary to USSG § 4A1.2: "To qualify as a sentence of imprisonment, the defendant must have *actually served* a period of imprisonment on such sentence (or, if the defendant escaped, would have served time). *See* § 4A1.2(a)(3) and (b)(2)." *Id.*, comment. (n.2) (emphasis added). Reid argues that no criminal history points should be assessed, because he has not yet "actually served" any of the consecutive sentence. But the provisions cited in the commentary elucidate the meaning of this passage. Sections 4A1.2(a)(3) and (b)(2) specify that if a term of imprisonment is *suspended*, then it does not count as a "sentence of imprisonment." In other words, where a State takes "affirmative steps" designed to relieve a defendant of his obligation to serve time in prison, the term of imprisonment formally imposed by the court does not count. *United States v. Thompson*, 925 F.2d 234, 235 (8th Cir. 1991).

Where, on the other hand, the State imposes an obligation to serve a term of imprisonment for a prior conviction, the conviction results in a prior sentence of imprisonment. The parenthetical in the commentary concerning escaped prisoners shows that actual service of a sentence is not a universal prerequisite. We held in *Thompson*, for example, that where authorities simply failed to pick up a defendant after sentencing, and he avoided prison through inadvertence or negligence of the State, his sentence still constituted a "sentence of imprisonment." *Id.* at 235-36. The Fifth Circuit in *United States v. Duffy*, No. 93-5076, 1994 WL 395107, at *2 (5th Cir. July 8, 1994), rejected Reid's precise argument. The court explained that adopting Reid's interpretation of the commentary would reward aberrant behavior by treating a harsher consecutive sentence yet to be served more leniently than a concurrent sentence already in progress. We agree. Reid was sentenced to a term of imprisonment in 1998, and the State has done nothing to relieve him of the obligation

to serve it.  The district court therefore properly assessed three criminal history points based on the 1998 conviction.[**]

Reid next asserts that the district court violated the procedural requirements of Federal Rule of Criminal Procedure 32 by considering an assault conviction for which the judge—then serving in a Missouri state court—sentenced Reid.  We concluded in *United States v. Lovelace*, 565 F.3d 1080, 1089-93 (8th Cir. 2009), that a district court erred under Rule 32 by relying on personal knowledge of facts that were not included in the presentence report or otherwise disclosed to the defendant before sentencing.  In Reid's case, however, the court relied on certified judicial records to resolve an issue concerning the prior assault conviction.  The court did not rely on personal knowledge or other information that was unavailable to Reid before the hearing.  There was thus no procedural error.

Reid argues finally that even if there was no procedural error at sentencing, the district court imposed an unreasonable sentence.  We review the decision under a deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  Because the sentence is within the advisory guideline range, we presume it is reasonable.  *United States v. Ruelas-Mendez*, 556 F.3d 655, 657 (8th Cir. 2009); *see Rita v. United States*, 551 U.S. 338, 347 (2007).

Reid argues that the district court refused at the resentencing hearing to consider his post-sentencing accomplishments.  The court noted, however, that Reid had obtained his General Educational Development diploma, and it heard Reid's arguments concerning his other post-sentencing activities.  The court has considerable

---

[**]Reid also challenges the district court's assessment of one criminal history point under USSG § 4A1.1(e) based on a 1992 conviction for armed criminal action.  This point did not affect Reid's criminal history category, so it is unnecessary to address the contention.  *See United States v. Manuel*, 944 F.2d 414, 416-17 (8th Cir. 1991).

discretion in determining how much weight to accord the various factors in 18 U.S.C. § 3553(a), and it was permissible for the court to conclude that factors favoring a sentence within the advisory range outweighed evidence of Reid's rehabilitation. *See Ruelas-Mendez*, 556 F.3d at 657-58. The court did not abuse its discretion in denying Reid's request for a downward variance from the advisory guideline range.

\* \* \*

The judgment of the district court is affirmed.

_____