# United States Court of Appeals

## For the Eighth Circuit

_____

No. 18-2454

_____

United States of America,

*Plaintiff - Appellee*,

v.

David Ruelas-Carbajal,

*Defendant - Appellant*.

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: May 17, 2019
Filed: August 9, 2019

_____

Before COLLOTON, BEAM, and SHEPHERD, Circuit Judges.

_____

COLLOTON, Circuit Judge.

A jury convicted David Ruelas-Carbajal of conspiracy to distribute and possess with intent to distribute methamphetamine, and one count of distributing methamphetamine, but acquitted him on a second count of distribution. *See* 21 U.S.C. §§ 841(a)(1), (b)(1), 846. In calculating the advisory sentencing guideline

range, the district court[1] applied a base offense level of 32, on the ground that Ruelas-Carbajal was responsible for at least 150 grams but less than 500 grams of methamphetamine. *See* USSG § 2D1.1(a)(5), (c)(4). The court also applied a two-level increase under USSG § 3C1.1 for obstruction of justice, finding that Ruelas-Carbajal committed perjury at trial. The court then imposed a term of 151 months' imprisonment, at the bottom of the advisory range. Ruelas-Carbajal challenges the calculation of drug quantity and the enhancement for obstruction of justice. We reject both claims of procedural error and affirm the judgment.

The dispute on drug quantity turns on a single incident during the conspiracy. Ruelas-Carbajal acknowledges that he is accountable for 124.45 grams of methamphetamine that co-conspirator Manuel Quiroz distributed to an undercover officer on three dates in July and August 2015, because Ruelas-Carbajal was the source of the drugs. But Ruelas-Carbajal disputes the district court's finding that he is responsible for another 26.9 grams that Quiroz sold to the officer on July 15. That amount brought the quantity over 150 grams and established the base offense level of 32.

Ruelas-Carbajal objects to counting the July 15 quantity because the jury acquitted him of a distribution charge based on that incident. It is settled, however, that an acquittal "does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." *United States v. Watts*, 519 U.S. 148, 157 (1997) (per curiam). The district court applied the proper standard of proof, and its finding was adequately supported. Quiroz testified that Ruelas-Carbajal was his source during July 2015, and that his routine was to leave work, pick up the drugs from Ruelas-Carbajal, and then meet the undercover officer for the sale. His testimony was

---

[1]The Honorable Robert F. Rossiter, Jr., United States District Judge for the District of Nebraska.

corroborated by a surveillance officer who saw Quiroz drive from his workplace to Ruelas-Carbajal's residence on July 15 and meet with him briefly before leaving to meet the undercover officer. The district court thus did not clearly err in holding Ruelas-Carbajal responsible for the 26.9 grams distributed on July 15.

Ruelas-Carbajal also disputes the district court's finding that he obstructed justice at trial by committing perjury. The guidelines provide for a two-level increase if a defendant commits perjury at trial. USSG § 3C1.1, comment. (n.4(B)); *see United States v. Dunnigan*, 507 U.S. 87, 94-95 (1993). The district court must make a finding, independent of the jury's verdict, that the defendant willfully testified falsely as to a material matter. *See Dunnigan*, 507 U.S. at 95. The district court preferably will address each element of perjury in a separate and clear finding, but it is sufficient if the court makes a finding that "encompasses all of the factual predicates for a finding of perjury." *Id.* The standard of proof is a preponderance of the evidence, and we review the district court's finding for clear error. *United States v. Reid*, 827 F.3d 797, 801-02 (8th Cir. 2016).

The probation office recommended the obstruction adjustment because "the defendant testified under oath that he never delivered or sold any methamphetamine, and that he had an affair with [Quiroz's] wife," but "[t]he wife testified that she had never seen the defendant before, and the jury found him guilty of conspiring to deliver methamphetamine as well as actually delivering methamphetamine." In overruling Ruelas-Carbajal's objection, the district court adopted the presentence report and also found: "I do believe, based upon the totality of evidence at trial, first of all, that Mr. Ruelas indicated that he never dealt or dealt with drugs, and Mr. Quiroz—the issue with Mr. Quiroz's wife, I believe that the two-level upward adjustment is proper."

Ruelas-Carbajal complains that the court failed to make adequate findings on the elements of perjury, *i.e.*, that his testimony was false, willful, and concerned a

material matter. While it is true that the court's oral findings were brief, "our cases have affirmed an independent finding of obstruction of justice, even without explicit mention of each factual predicate, where the finding is strongly supported by the record." *Id.* at 802; *see also United States v. Nshanian*, 821 F.3d 1013, 1018-19 (8th Cir. 2016). The court here made an independent finding "based upon the totality of evidence at trial." We conclude that the record is sufficient to support the adjustment.

The record strongly supports a finding that Ruelas-Carbajal testified falsely when he claimed that he never sold or delivered methamphetamine. Quiroz testified that Ruelas-Carbajal had supplied him with methamphetamine several times. Officers corroborated this testimony with observations of Quiroz visiting Ruelas-Carbajal before meeting the undercover officer for two drug sales. Another witness, Gumaro Cuevas, also testified that Ruelas-Carbajal offered to sell him methamphetamine. There was also ample support for a finding of willfulness. Ruelas-Carbajal stated unambiguously multiple times that he had never sold or delivered methamphetamine; there is no plausible claim of confusion or mistake. And there is no doubt that this testimony was material: whether Ruelas-Carbajal distributed methamphetamine was central to whether he committed the charged offenses.

There was likewise a sufficient basis to find that Ruelas-Carbajal testified falsely when he claimed that he had an affair with Quiroz's wife in order to suggest that Quiroz falsely implicated him in retaliation. Quiroz's wife testified that she had never met Ruelas-Carbajal and had never visited the bar where Ruelas-Carbajal claimed they met. She also denied Ruelas-Carbajal's assertion that she was fluent in Spanish and spoke with him in that language. There was ample support for a finding of willfulness, as Ruelas-Carbajal testified at length and in detail about the alleged affair. This testimony was also material, because it was designed to undermine the credibility of a key government witness by insinuating a motive to lie about Ruelas-Carbajal's criminal activity. For these reasons, there was no clear error in applying the two-level increase under USSG § 3C1.1.

The judgment of the district court is affirmed.

_____