# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3107
_____

United States of America

*Plaintiff - Appellee*

v.

Antywan Seawood

*Defendant - Appellant*

_____

No. 18-3200
_____

United States of America

*Plaintiff - Appellee*

v.

Arlandus Howard

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Eastern District of Missouri - Cape Girardeau
_____

Submitted: December 9, 2019
Filed: April 24, 2020
[Unpublished]
_____

Before ERICKSON, ARNOLD, and MELLOY, Circuit Judges.
_____

PER CURIAM.

Arlandus Howard and Antywan Seawood committed a series of crimes starting in February 2017 that involved three carjackings and the theft of 63 firearms around St. Louis, Missouri. They were indicted, along with three other men, on seven counts. A jury found Howard guilty on three counts concerning the first carjacking (Counts 1–3): possession of stolen firearms in violation of 18 U.S.C. § 922(j); carjacking in violation of 18 U.S.C. § 2119; and brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). The jury could not reach a unanimous decision on the four counts (Counts 4–7) concerning the second and third carjackings. The government ultimately dismissed Counts 4–7. Seawood later pleaded guilty to Counts 1–3 pursuant to an agreement by which the government dismissed Counts 4–7. The district court[1] sentenced both Howard and Seawood to 240 months in prison, denying the full extent of the government's requests for upward variances.[2] Howard and Seawood now appeal the substantive reasonableness of their sentences. Having jurisdiction under 18 U.S.C. § 1291, we affirm.

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Court for the Eastern District of Missouri.

[2]The government requested that Howard be sentenced to 360 months in prison and Seawood be sentenced to 300 months in prison, largely based on the conduct underlying Counts 4–7, which included two additional charges under § 924(c).

This court reviews the imposition of sentences for procedural and substantive error. Neither Howard nor Seawood argue the district court procedurally erred in imposing sentence.[3] We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Green, 946 F.3d 433, 440 (8th Cir. 2019) (quoting United States v. Kreitinger, 576 F.3d 500, 503 (8th Cir. 2009)). The district court "need not thoroughly discuss every [18 U.S.C.] § 3553(a) factor; rather, a district court must make it clear on the record that it has considered the factors in making a decision as to the appropriate sentence." United States v. Leonard, 785 F.3d 303, 307 (8th Cir. 2015).

On appeal, Howard and Seawood argue the district court ignored relevant sentencing factors, such as their relative youth and lack of criminal histories. The record shows that the district court considered both of those factors in crafting the appellants' sentences and in denying the government's motions for upward variances. The district court weighed those factors, among others, against the seriousness of the crimes committed and the need to avoid unwarranted sentencing disparities. Simply because the district court weighed relevant factors differently than Howard or Seawood

---

[3]Seawood points out a discrepancy in the district court's description of his sentence and applicable guideline range. The Judgment and Statement of Reasons as filed by the district court indicate that Seawood received a sentence within the guideline range. However, as is clear in the sentencing hearing transcript, and as conceded by the government, Seawood was sentenced well above his guideline range. The same discrepancy is present in Howard's case. Neither Seawood nor Howard appear to raise a dispute as to the guideline ranges calculated and applied in their cases.

would prefer does not mean the district court abused its discretion. See United States v. Farmer, 647 F.3d 1175, 1179 (8th Cir. 2011).

To the extent Seawood argues that the discrepancy noted in footnote 3 makes his sentence substantively unreasonable, we must disagree. The district court accurately calculated his applicable guideline range at sentencing. Further, the court made clear that it had a well-considered plan for crafting proportionate sentences for Seawood, Howard, and their co-defendants, taking into consideration their roles in the violent crime spree. Neither the record, nor arguments raised by Seawood, give any indication that the court's descriptive error was also substantive.

Howard and Seawood also argue the district court gave outsized weight to their conduct pertaining to the second and third carjackings (Counts 4–7). The sentencing court is not prohibited from considering acquitted conduct "so long as that conduct has been proved by a preponderance of the evidence." United States v. Ruelas-Carbajal, 933 F.3d 928, 930 (8th Cir. 2019) (quoting United States v. Watts, 519 U.S. 148, 157 (1997) (per curiam)); see also United States v. Griggs, 71 F.3d 276, 281 (8th Cir. 1995) (stating that, when sentencing, the district court must consider all relevant conduct "whether uncharged, charged, or charged and dismissed"). Here, the district court, which presided over Howard's trial, applied the proper standard of proof at sentencing and its factual findings were adequately supported by the record.

The judgment of the district court is affirmed.

_____