# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 21-3021

———————————————

United States of America

*Plaintiff - Appellee*

v.

Troy Allen Walton

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

——————————

Submitted: March 14, 2022
Filed: June 8, 2022
[Unpublished]

——————————

Before GRUENDER, BENTON, and ERICKSON, Circuit Judges.

——————————

PER CURIAM.

A grand jury indicted Walton on seven counts of possession with intent to distribute various quantities of actual methamphetamine, cocaine, cocaine base, heroin, and fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B) & (b)(1)(C). The charges stemmed from two traffic stops that resulted in the discovery

of 73 plastic baggies with individually packaged drugs along with additional drugs and large amounts of replica currency.

At trial, U.S. Drug Enforcement Administration Special Agent Gregg Fox testified that one gram of actual meth each day is considered heavy use, and a heavy user can maintain that use for approximately 10 days before his body will crash. Special Agent Fox also testified that several baggies of personal use quantities of drugs can be consistent with distribution. In contrast, Walton testified that he typically used seven grams of methamphetamine each day, and that all the drugs seized were intended for his personal use. The jury convicted Walton of seven lesser-included counts of possession of a controlled substance, in violation of 21 U.S.C. § 844(a).

When calculating Walton's sentencing guidelines, the district court[1] applied a 2-level enhancement under U.S.S.G. § 3C1.1 for obstruction of justice. The court found Walton committed perjury when he testified the drugs were intended for personal use. This finding is supported by the trial testimony and a cooperating witness who testified at the sentencing hearing that he purchased cocaine, crack, heroin, and methamphetamine from Walton almost daily from 2017 until July 23, 2020. The witness gave specifics about amounts and types of drugs he purchased, the locations of the transactions, and how he paid for the drugs.

With the enhancement, Walton's resulting guidelines range was 24 to 30 months. The district court granted the government's motion for an upward departure or an upward variance, finding Walton's criminal history was underrepresented. Walton was sentenced to a total term of imprisonment of 36 months, followed by one year of supervised release.

---

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

On appeal, Walton challenges application of the 2-level enhancement under § 3C1.1. We review a district court's obstruction of justice finding and application of § 3C1.1 for clear error. United States v. Ruelas-Carbajal, 933 F.3d 928, 930-31 (8th Cir. 2019). Under § 3C1.1, a 2-level enhancement is appropriate where the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction." Perjury is included as an example of one type of conduct to which the enhancement applies. See § 3C1.1, comment. n.4(B).

It is well-settled that "an acquittal 'does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence.'" Ruelas-Carbajal, 933 F.3d at 930 (quoting United States v. Watts, 519 U.S. 148, 157 (1997) (per curiam)). The district court did not clearly err in finding the government had proven by a preponderance of the evidence that Walton obstructed justice by committing perjury, as that finding is supported by the testimony of Special Agent Fox and the cooperating witness. The judgment of the district court is affirmed.

_____