# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 22-2884

———————————————

United States of America

*Plaintiff - Appellee*

v.

George Dull Knife

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of South Dakota - Western

——————————

Submitted: January 8, 2024
Filed: February 26, 2024
[Unpublished]

——————————

Before BENTON, ERICKSON, and KOBES, Circuit Judges.

——————————

PER CURIAM.

Following an argument at his house, George Dull Knife got in his truck, chased a woman and her son down, and fired several shots at their car, hitting her in the hand. He pleaded guilty to assault with a dangerous weapon, 18 U.S.C. §§ 113(a)(3), 1153. In the plea agreement, the Government agreed to dismiss one count of assault with intent to commit murder, id. §§ 113(a)(1), 1153, and one count

of discharging a firearm during and in relation to a crime of violence, id. § 924(c)(1)(A)(iii). The district court[1] departed up or, alternatively, varied up from a Guidelines range of 36 to 47 months in prison and sentenced him to 72 months.

Dull Knife argues that the district court abused its discretion by relying on the conduct underlying his dismissed charges. See United States v. Shillingstad, 632 F.3d 1031, 1037 (8th Cir. 2011) (reviewing upward departure for abuse of discretion); United States v. Ridings, 75 F.4th 902, 907 (8th Cir. 2023) (same for upward variance). But a court may depart up under U.S.S.G. § 5K2.21 "to reflect the actual seriousness of the offense based on conduct (1) underlying a charge dismissed as part of a plea agreement . . . (2) that did not enter into the determination of the applicable guideline range." It may also consider that conduct in varying from the Guidelines under the 18 U.S.C. § 3553(a) factors. Cf. United States v. Ruelas-Carbajal, 933 F.3d 928, 930 (8th Cir. 2019) (sentencing court can even rely on acquitted conduct in crafting a sentence, "so long as that conduct has been proved by a preponderance of evidence" (quoting United States v. Watts, 519 U.S. 148, 157 (1997) (per curiam))). The Government need only "prove the defendant committed the alleged offense by a preponderance of the evidence." United States v. Brave Bull, 828 F.3d 735, 739 (8th Cir. 2016).

The Presentence Report's unobjected-to description of Dull Knife's conduct "adequately supported a finding that the dismissed charges were properly proved," so the court could rely on them. See United States v. Schiradelly, 617 F.3d 979, 984 (8th Cir. 2010) (per curiam). Whether the sentence was a departure or a variance, the court did not abuse its discretion.

Dull Knife also claims that the district court departed or varied up too much because it gave too much weight to the dismissed-charge conduct and too little to his mitigating circumstances. We review the reasonableness of an upward departure

---

[1]The Honorable Jeffrey L. Viken, United States District Judge for the District of South Dakota.

and an upward variance for abuse of discretion. United States v. Cooke, 853 F.3d 464, 472 (8th Cir. 2017). A district court "abuses its discretion when it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in weighing the appropriate factors." Id.

In mitigation, Dull Knife told the district court that a "manipulative person" "influenced" his behavior by lying to him about the victim and her son. The court listened to his explanation and recognized that what he did was out of character. It also noted that Dull Knife was young, had strong family and community ties, and was unlikely to commit another crime. But the court concluded that he deserved an above-Guidelines sentence because he had committed an "unjustified and inexplicable act of violence" with "terrible consequence[s]" for the victim. The court carefully considered the seriousness of his offense, among other things, and arrived at a reasonable sentence. See United States v. Wisecarver, 911 F.3d 554, 558 (8th Cir. 2018) ("While the district court clearly 'assign[ed] . . . greater weight' to the seriousness of the offense than it did to other factors, under § 3553(a), it had 'wide latitude' to do so." (citation omitted)).

We affirm the district court's judgment.
_____