# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-3395

_____

United States of America,

*Plaintiff - Appellee*,

v.

Michael Lynn Ashford,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern

_____

Submitted: September 23, 2024
Filed: January 13, 2025
[Unpublished]

_____

Before COLLOTON, Chief Judge, LOKEN and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

A jury convicted Michael Ashford of tampering with a witness and conspiracy to tamper with a witness. *See* 18 U.S.C. § 1512(b)(1), (b)(3), (k). Evidence at trial showed that Ashford and another person sought to influence a witness to refrain from testifying against Ashford on a firearms charge. In the same trial, the jury acquitted

Ashford on several other charges: two counts of possessing a controlled substance with intent to distribute, one count of possessing a firearm in furtherance of a drug trafficking crime, and one count of possessing a firearm as a felon. *See* 18 U.S.C. §§ 922(g)(1), 924(c)(1)(A); 21 U.S.C. § 841(a)(1).

The prosecution presented evidence at trial that a man waiting for an Uber ride at a convenience store approached a vehicle driven by Ashford. Ashford, however, was not the Uber driver. When the man approached the car, Ashford displayed a firearm and racked a round into the chamber of the gun. Police were summoned; within an hour of the incident, they located and searched the vehicle. Officers found drugs and a loaded firearm in the car. The witness tampering charge arose from Ashford's later efforts to influence the testimony of the man from the convenience store.

At sentencing, the district court[*] calculated an advisory sentencing guideline range by applying a cross-reference under the guideline for obstruction of justice. Where, as here, the defendant's offense of conviction involved obstructing the investigation or prosecution of a criminal offense, the guidelines direct the court to apply a greater offense level with respect to the underlying criminal offense. *See* USSG § 2J1.2(c). Although the jury determined that the firearms charges were not proved beyond a reasonable doubt, the court found by a preponderance of the evidence that Ashford possessed a firearm as a felon and used the firearm in connection with another felony offense—assault while displaying a dangerous weapon. The court thought the evidence that Ashford possessed the firearm and assaulted the man at the convenience store was "overwhelming."

---

[*]The Honorable C.J. Williams, Chief Judge, United States District Court for the Northern District of Iowa.

The court also applied a two-level increase for Ashford's role as an organizer or leader in the witness tampering offense. *See* USSG § 3B1.1(c). The court applied another two-level increase for obstruction of justice based on Ashford's efforts to recruit false alibi witnesses. *See* USSG § 3C1.1, comment. (n.7). The district court ultimately determined an advisory guideline range of 120 to 150 months' imprisonment, and sentenced Ashford at the top of the range.

Ashford contends that the district court violated his rights under the Due Process Clause of the Fifth Amendment and his right to a jury trial under the Sixth Amendment by considering the fact that he possessed a firearm as a felon and did so in connection with another felony offense. He maintains that because the jury found him not guilty of the charged firearms offenses, it was unconstitutional for the district court to rely on its own finding that Ashford engaged in the offense conduct. He also contends that it was procedural error under the sentencing guidelines for the court to consider this disputed conduct.

These arguments are foreclosed by circuit precedent. "A preponderance of evidence standard of proof applies to judicial fact finding at sentencing, a standard that satisfies both the Fifth Amendment's guarantee to due process and the Sixth Amendment right to trial by jury." *United States v. Webb*, 545 F.3d 673, 677 (8th Cir. 2008). "It is settled . . . that an acquittal 'does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence.'" *United States v. Ruelas-Carbajal*, 933 F.3d 928, 930 (8th Cir. 2019) (quoting *United States v. Watts*, 519 U.S. 148, 157 (1997) (per curiam)). Ashford's argument under the sentencing guidelines is likewise foreclosed. At the time of sentencing, the sentencing guidelines called for the court to consider all conduct proved by a preponderance of the evidence in determining the advisory guideline range. USSG §§ 1B1.3, 6A1.3, comment. (2023); *see United States v. Whiting*, 522 F.3d 845, 850 (8th Cir. 2008). The Sentencing Commission recently amended the guidelines to limit the use of conduct for which a defendant was

criminally charged but acquitted in federal court, *see* USSG App. C, Amend. 826 (Nov. 1, 2024), but the amendment does not apply retroactively. *See* USSG § 1B1.10(a), (d).

Ashford also contends that the district court imposed an unreasonable sentence. We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). An abuse of discretion occurs when a district court "(1) 'fails to consider a relevant factor that should have received significant weight'; (2) 'gives significant weight to an improper or irrelevant factor'; or (3) 'considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting *United States v. Kane*, 552 F.3d 748, 752 (8th Cir. 2009)).

The district court considered appropriate factors under 18 U.S.C. § 3553(a) and arrived at a reasonable sentence. The court properly cited the aggravated nature of the offense conduct, which included "pulling a gun on an innocent person in a convenience store" and then "attack[ing] the criminal justice system by attempting to intimidate and tamper with that witness." The court also cited Ashford's "very serious troubling criminal history" of eighteen adult convictions, including three violent offenses. The court acknowledged that Ashford suffered from a serious medical condition but reasonably found that it did not justify a more lenient sentence: the federal government has "robust medical facilities," and there was no showing that a shorter prison term would facilitate improved health. There was no abuse of discretion in fashioning the sentence.

The judgment of the district court is affirmed.

_____